JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Sua sponte, this appeal is dismissed for lack of a final appealable order. *Page 4 
 {¶ 2} Defendant-appellant, Martha R. Lambert, and plaintiff/cross-appellant, Mortgage Electronic Registration Systems, Inc. ("MERS"), appeal from the July 6, 2007 order of the common pleas court adopting the magistrate's decision and entering judgment in Lambert's favor. However, the record reflects that an issue as to the amount of damages to be assessed against one of the parties to this action was never resolved by the trial court. Therefore, we find that the July 6, 2007 order is not a final appealable order and we are without jurisdiction to hear this appeal.
 {¶ 3} This case began as a foreclosure action instituted by MERS against Lambert. Lambert filed a counterclaim against MERS asserting a number of claims including violations of the Truth In Lending Act ("TILA") and of the Real Estate Settlement Procedures Act ("RESPA"). Lambert also asserted claims against third-party defendants Montalvo Home Repair and Improvement Company ("Montalvo, Inc.") and Country Home Mortgage of Ohio, alleging fraud and misrepresentation, civil conspiracy, civil R.I.CO., conversion, and TILA and RESPA violations.
 {¶ 4} The record discloses that on November 14, 2005, the trial court adopted the August 29, 2005 magistrate's decision on issues of liability among the multiple parties. The trial court found Montalvo, Inc. not liable on Lambert's claims, MERS liable on some of Lambert's claims, and Country Home *Page 5 
Mortgage in default and, therefore, liable on all of Lambert's claims. The court reserved the issue of damages for determination at a future trial.
 {¶ 5} "Where a separate trial on the issue of liability is held, and the issue of liability is determined in plaintiffs favor, an entry of judgment by the trial court in plaintiffs favor on the issue of liability which leaves the amount of damages to be awarded unresolved until some future time, does not constitute a final judgment which may then be treated as an appealable order." Szymczak v. Szymczak (Apr. 26, 2000), Cuyahoga App. No. 76341, quoting Fireman's Fund Ins. Co. v. BPSCo. (1982), 4 Ohio App.3d 3.
 {¶ 6} We note the trial court's order expressly granted Lambert's motion for default judgment against Country Home Mortgage, but stated: "Damages regarding defendant Martha Lambert's claims against third-party defendant Country Home Mortgage will be determined at a future trial."
 {¶ 7} A trial on the issue of damages was subsequently held over multiple days in December 2006 and January 2007 and resulted in a determination of statutory damages and attorneys fees against MERS. However, the trial court never addressed or resolved the issue of damages resulting from Lambert's claims against Country Home Mortgage. The July 6, 2007 order grants judgment only "for damages in favor of Defendant, Martha Lambert, and against Plaintiff," it does not mention third-party defendant Country Home Mortgage. *Page 6 
 {¶ 8} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. General Acc. Ins. Co. v. Ins.of North Am. (1989), 44 Ohio St.3d 17, 20.
 {¶ 9} Where there are multiple claims and/or multiple parties to an action, an order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and Civ. R. 54(B) are met. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Civ. R. 54(B) provides: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."
 {¶ 10} The trial court's July 6, 2007 order enters judgment on fewer than all of the claims of all of the parties to this action without the express determination that "there is no just cause for delay." It is not a final order of judgment and, therefore, we are without jurisdiction to review the matter.
 This appeal is dismissed. *Page 7 
It is ordered that plaintiff-appellee/cross-appellant recover of defendant-appellant/cross-appellee its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1