GENERAL ACCIDENT INSURANCE COMPANY ET AL., APPELLANTS, *v.*
INSURANCE COMPANY OF NORTH AMERICA, APPELLEE, ET AL.

[Cite as General Acc. Ins. Co. *v.* Insurance Co. of North America (1989),
44 Ohio St. 3d 17.]

(No. 88-677—Submitted April 11, 1989—Decided June 28, 1989.)

*Arter & Hadden, Hugh M. Stanley, Jr.,* and *Anthony J. Damelio, Jr.,* for appellants.

*Gallagher, Sharp, Fulton & Norman, Michael Gallagher* and *Mark B. Smith,* for appellee.

ALICE ROBIE RESNICK, J. We must once again consider what is a

final appealable order pursuant to R.C. 2505.02 and Civ. R. 54(B).

It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies." Section 3(B)(2), Article IV of the Ohio Constitution. See, also, R.C. 2505.03.

R.C. 2505.02 provides in part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial."

Determining what is a final order is difficult in litigation involving multiple parties and/or multiple claims. Historically, an appeal could not be taken until all claims and parties in an action had been disposed of. Permitting only one appeal from any one action was adequate at a time when most litigation involved only two parties and one claim. However, as joinder of parties and claims became more prevalent, it came to be accepted that to "deny an immediate appeal from the disposition of an identifiable and separable portion of a highly complex action might result in an injustice. * * *" 10 Wright & Miller, Federal Practice and Procedure (1983) 20, Section 2653. Hence, Civ. R. 54(B) was created "to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals — a possibility rendered more likely by procedural rules allowing liberalized joinder of parties and claims." *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 160, 3 O.O. 3d 174, 175, 359 N.E. 2d 702, 703.

Civ. R. 54(B) is based on its federal counterpart, Fed. R. Civ. P. 54(b), see Staff Notes to Civ. R. 54(B), and provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *"

Thus, a party may appeal a judgment in some instances even though other claims and/or parties still remain in the action. However, when a court enters final judgment as to fewer than all of the claims or parties, it must expressly state that there is no just reason to delay an appeal on that judgment. Without such express determination, an order adjudicating fewer than all the claims or parties "* * * shall not terminate the action as to *any* of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.) Civ. R. 54(B). See, also, *Logue* v. *Wilson* (1975), 45 Ohio App. 2d 132, 134-135, 74 O.O. 2d 140, 142, 341 N.E. 2d 641, 643.

Civ. R. 54(B), however, is merely a procedural device. It cannot affect the finality of an order. "* * * Civ. R. 54(B) cannot abridge, enlarge, or modify any substantive right. * * * It permits both the separation of claims for purposes of appeal and the early appeal of such claims, within the discretion of the trial court, but it does not affect either the substantive right to appeal or the merits of the claims. * * *" *Alexander, supra,* at 159, 3 O.O. 3d at 175, 359 N.E. 2d at 703. Thus, it has been stated that "* * * Civ. R. 54(B) does not alter the requirement that an order must be final before it is appealable. * * *" *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, 255, 3 OBR 286, 287, 444 N.E. 2d 1068, 1069-1070.

Conversely, the absence of Civ. R. 54(B) language will not render an otherwise final order not final. Thus, when all claims and parties are adjudicated in an action, Civ. R. 54(B) language is not required to make the judgment final. See *Commercial Natl. Bank* v. *Deppen* (1981), 65 Ohio St. 2d 65, 19 O.O. 3d 260, 418 N.E. 2d 399. Furthermore, even though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ. R. 54(B) is not required to make the judgment final and appealable. *Wise* v. *Gursky* (1981), 66 Ohio St. 2d 241, 20 O.O. 3d 233, 421 N.E. 2d 150; see, also, *Harleysville Mut. Ins. Co.* v. *Santora* (1982), 3 Ohio App. 3d 257, 3 OBR 289, 444 N.E. 2d 1076.

An appellate court, when determining whether a judgment is final, must engage in a two-step analysis. First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and

is in fact final, then the court must take a second step to decide if Civ. R. 54(B) language is required.

Since this is an action for declaratory judgment we are not concerned with the first part of R.C. 2505.02 which states that a final order is one "that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *." Instead, we will address the issue of whether a declaratory judgment action is a special proceeding and whether determination of the claim of duty to defend affects a substantial right.

We first will consider if the trial court's granting partial summary judgment, in favor of appellee as to its duty to defend, is a final order. A final order is one that "* * * affects a substantial right made in a special proceeding * * *." R.C. 2505.02.

"A substantial right involves the idea of a legal right, one which is protected by law. * * *" *Armstrong* v. *Herancourt Brewing Co.* (1895), 53 Ohio St. 467, 480, 42 N.E. 425, 427. The duty to defend is of great importance to both the insured and the insurer. If an insurer mistakenly refuses to defend its insured, the adverse consequences can be great. "When an indemnitor wrongfully refuses to defend an action against an indemnitee, the indemnitor is liable for the costs, including attorney fees and expenses, incurred by the indemnitee in defending the initial action and in vindicating its right to indemnity in a third-party action brought against the indemnitor." *Allen* v. *Standard Oil Co.* (1982), 2 Ohio St. 3d 122, 2 OBR 671, 443 N.E. 2d 497, paragraph two of the syllabus. On the other hand, if the insurer is required to defend an insured, "* * * [the insurer] may try an expensive negligence case which a court may later hold is not within the terms of the policy. * * *" Amer, The Declaratory

Judgments Act of Ohio (1942), 14 Cleve. B. Assn. J. 19, 32.

The duty to defend is equally important to the insured. If the insurance company refuses to defend, then the insured often must choose to settle the suit as quickly as possible in order to avoid costly litigation, bring a declaratory judgment action against the insurer seeking a declaration that there is a duty to defend, or defend the suit without help from the insurer.

Thus, the duty to defend involves a substantial right to both the insured and the insurer.

We next must determine whether a declaratory judgment action is a "special proceeding" within the context of R.C. 2505.02.

Declaratory judgment actions are a special remedy not available at common law or at equity. Because declaratory judgments were unknown at common law, jurisdiction to hear this type of relief is dependent on statutory authorization. *Ohio Farmers Ins. Co.* v. *Heisel* (1944), 143 Ohio St. 519, 521, 28 O.O. 460, 461, 56 N.E. 2d 151, 153. "It has been observed that an action for a declaratory judgment is *sui generis* in the sense that it is neither one strictly in equity nor one strictly at law; it may possess attributes of both. * * *" *Sessions* v. *Skelton* (1955), 163 Ohio St. 409, 415, 56 O.O. 370, 372, 127 N.E. 2d 378, 382. This court has stated that declaratory judgment actions "* * * in part fill the gap between law and equity * * *." *Schaefer* v. *First Natl. Bank* (1938), 134 Ohio St. 511, 518, 13 O.O. 129, 132, 18 N.E. 2d 263, 267.

Statutory provision for declaratory judgments is found in R.C. Title 27, "Courts — General Provisions — *Special Remedies*." (Emphasis added.) R.C. Chapter 2721, "Declaratory Judgments," provides a complete statutory scheme for obtaining declaratory relief. Several other chapters in R.C. Title 27 have been designated special proceedings or special statutory proceedings. See *Gerl Constr. Co.* v. *Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App. 3d 59, 24 OBR 113, 493 N.E. 2d 270; Staff Notes to Civ. R. 1(C). Furthermore, declaratory judgments also have been called special statutory proceedings unknown to chancery. *Pioneer Mut. Cas. Co.* v. *Pennsylvania Greyhound Lines* (1941), 68 Ohio App. 139, 150, 22 O.O. 282, 287, 37 N.E. 2d 412, 419. A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order.

Thus we hold that the trial court's order in the case before us was final because it affected a substantial right made in a special proceeding.

Upon finding that this is a final order under R.C. 2505.02, we next must determine if Civ. R. 54(B) applies, and if so, if its requirements were met.

Civ. R. 54(B) applies in multiple-claim or multiple-party actions where fewer than all the claims or fewer than all the parties are adjudicated. If a court enters final judgment as to some but not all of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay.

The case before us involves multiple claims and multiple parties. Although the trial court disposed of appellants' claim based on duty to defend and, in doing so, effectively resolved appellants' claim of duty to indemnify, appellee's counterclaim still remains. Additionally, it appears from the record that claims by Dr. C. Otto against Gerling and Nordstern remain

pending. The trial court, however, complied with Civ. R. 54(B) by making the determination that there was no just reason for delay. Therefore Civ. R. 54(B) requirements were met.

Accordingly, we hold that the trial court's judgment was a final appealable order and we reverse the judgment of the court of appeals and remand the cause to the court of appeals for further proceedings.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.