[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is on appeal from the May 20, 1997 judgment of the Erie County Court of Common Pleas, which granted summary judgment to appellee, Firelands Community Hospital. Upon a review of the record, we find that the order appealed from is not a final, appealable order. Therefore, we have no jurisdiction to determine this appeal.
An appellate court's jurisdiction is limited to reviewing, affirming, modifying, or reversing judgments or final orders. Section 3(B)(2), Article IV, Ohio Constitution. See, also, R.C. 2505.03. In General Acc. Ins. Co. v. Insurance Co. ofNorth America (1989), 44 Ohio St.3d 17, the court addressed the effect of Civ.R. 54(B) on the issue of final appealable orders, and stated:
 "Thus, a party may appeal a judgment in some instances even though other claims and/or parties still remain in the action. However, when a court enters final judgment as to fewer than all of the claims or parties, it must expressly state that there is no just reason to delay an appeal on that judgment. Without such express determination, an order adjudicating fewer than all the claims or parties `* * * shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' (Emphasis added.) Civ. R. 54(B)." General Acc. Ins. Co. v. Insurance Co. of North America, at 20.
Civ.R. 54(B) states:
 "(B) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
In this case, appellant, Donna J. Scalia, after being fired from her job at Firelands Community Hospital, filed suit against the hospital and Fred Brindle, M.D. alleging several causes of action in her six-count complaint. Later, she voluntarily dismissed the complaint as to Brindle without prejudice. The hospital moved for summary judgment on the complaint. The lower court granted the hospital's motion for summary judgment concluding that Counts II, III, IV, and V of Scalia's complaint related to a cause of action for wrongful discharge. The court found, as to these four counts, that appellant was an employee-at-will and, therefore, could be discharged at any time.
However, the court neither addressed nor disposed of the causes of action not based on wrongful discharge that she alleged against appellee in Counts I, II, and VI of the complaint. The judgment does not indicate that there is no just reason for delay pursuant to Civ.R. 54(B). Therefore, the order granting partial summary judgment is not a final, appealable order.
Accordingly, this appeal is ordered dismissed. Costs are assessed against appellant.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.