[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal involves a dispute over the distribution of assets from aninter vivos trust created by Claude Dance in 1993. Dance died in 1995, and on February 19, 1998, the trustees filed a pleading styled "Complaint for Instructions Regarding Apportionment of Estate Taxes" with the probate court.[1] Thereafter, the probate court issued a series of entries that, among other orders, obligated Dance's stepchildren and their heirs and assigns to pay a substantial portion of the estate taxes.
Of the series of entries journalized by the trial court, only the entry dated October 26, 2000, was appealed to this court. That entry was captioned "Entry Approving and Settling Second Trustees' Account and Ordering Distribution of Assets." While purporting to order the distribution of assets, the order includes the following language:
 The Court may not, however, absolve the Trustees of any liability until the final distributions are made or upon further hearing. The appropriate time to approve and settle the third trustees' account would not be until after that account is filed.
 The October 26, 2000 entry did not include certification, pursuant to Civ.R. 54(B), that there was no just cause for delaying appeal.
When the cause came before this court for oral argument, we questioned appellate counsel on the issue of this court's jurisdiction to review the October 26, 2000, entry. Thereafter, the parties were ordered to submit briefs on the issue of whether the October 26, 2000 entry was a final appealable order. The parties filed timely briefs with the court, and, upon consideration of those briefs and applicable legal authorities, we conclude that the entry did not constitute a final appealable order.
In determining whether an order is final and appealable, the appellate court must engage in a two-step analysis.[2] It must first determine if the order is final pursuant to the requirements of R.C. 2505.02.[3] If the court finds that the order is final under R.C. 2505.02, it must then determine whether there are any claims or parties remaining before the trial court that would require language, pursuant to Civ.R. 54(B), that there is no just reason to delay appeal.[4]
In the case at bar, the trustees argue that the complaint filed February 19, 1998, was a complaint for declaratory judgment and therefore a special proceeding within the meaning of R.C. 2505.02(B)(2). They further argue that, because the probate court's order affected a substantial right by, inter alia, directing the apportionment of estate taxes, the order was final within the meaning of R.C. 2505.02. Although the complaint is not captioned as a complaint for declaratory judgment, we assume, for the sake of argument, that the trustees are correct and that the first prong of the General Accident inquiry has been satisfied.
But we cannot say that the second prong of the inquiry has been met. As is clear from the above-quoted language of the probate court's entry, not all of the issues raised in the trustees' complaint have been adjudicated. The probate court explicitly declined to rule upon the trustees' claim that they be absolved from liability for their role in distributing the trust assets. The court explicitly stated that it could not approve the third trustees' account or rule upon the issue of the trustees' liability until the third account was filed. Thus, by the very terms of the court's entry, there were claims that remained to be litigated, and those claims could not be finally decided until a final account had been prepared. Moreover, the fact that the probate court's entry contemplated further hearings emphasized that not all claims had been adjudicated.
The trustees argue, however, that because they were under no obligation to seek the probate court's guidance in matters concerning an intervivos trust, they are similarly under no obligation to file a third account with the probate court or to otherwise pursue the matter below. They contend, in effect, that they could simply abandon the proceedings before the probate court and distribute the assets according to the probate court's instruction, or according to their own discretion. Thus, they argue, the probate court's order is vested with finality because further proceedings may not occur.
We are not persuaded by this argument. Even were we to accept the proposition that the trustees, having invoked the jurisdiction of the probate court, could properly abandon the proceedings prior to the filing of a final account, we would nonetheless hold that the entry of October 26, 2000, is not a final appealable order.[5] In determining our jurisdiction, we must look to the terms of the lower court's order itself and cannot be guided by the mere possibility that the proceedings below may in effect be terminated through abandonment. Under the terms of the probate court's entry, unresolved claims remain, thus preventing an immediate appeal of the order without a Civ.R. 54(B) certification. We therefore hold that this court does not have jurisdiction under these circumstances, and we accordingly dismiss the appeal.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] After filing the complaint, the trustees filed a number of documents styled "applications," in which they sought the probate court's guidance as to the distribution of assets and in which they sought to be absolved from liability for the distribution of the assets.
[2] General Accident Ins. Co. v. Ins. Co. of North America (1989),44 Ohio St.3d 17, 21, 540 N.E.2d 266, 271.
[3] Id.
[4] Id.
[5] We also reject the argument that the remainder of the issues before the probate court required merely ministerial actions and did not preclude the immediate appeal of the October 26, 2000, entry. The preparation of a final account and the determination of the trustees' potential liability were not merely ministerial in nature.