JOURNAL ENTRY and OPINION
This case is before the court on appeal from a common pleas court order granting partial summary judgment in favor of plaintiffs-appellants Parkwood Place, Ltd. and J. Harvey Crow. We find this order is not final and appealable; therefore, we lack jurisdiction to address the assignments of error.
In their second amended complaint, plaintiffs claim to own eight parcels of land in the City of Brecksville (the "City"). The zoning for this land was the subject of an agreed judgment entry between plaintiff Harvey Crow, the then-property owner, and the City, which was filed in the Cuyahoga County Common Pleas Court on June 12, 1981. Crow later transferred the property to plaintiff Parkwood Place, Ltd.
The second amended complaint avers that the prior judgment entry found the City's then-existing zoning ordinances had no reasonable relation to the health, safety, welfare and morals of the community, [and were] arbitrary, confiscatory, unreasonable, unlawful and discriminatory. This agreed judgment imposed new zoning on the affected parcels.
According to the second amended complaint, in 1999, the City passed two ordinances to rezone these parcels. It sent these ordinances to the Cuyahoga County Board of Elections so that they could be placed on the November 2, 1999 ballot. Plaintiff Crow filed a protest with the Board of Elections, arguing that the ordinances violated the 1981 judgment and that the ballot language was unconstitutionally vague, overbroad, and indefinite. The board denied his protest. On November 2, 1999, the ordinances were passed by the City's electorate.
In the second amended complaint, plaintiffs claimed that the new ordinances were void as violative of the 1981 judgment, deprived plaintiffs of their property without due process, were an unconstitutional taking of their property without just compensation, and impaired the obligation of the parties' contract. They also argued that the ballot language was unconstitutionally vague and did not comply with the Ohio Constitution and statutes requiring a clear, concise statement of the issue. They sought a declaratory judgment to this effect, as well as an injunction against the enforcement of the ordinances, damages (including punitive damages) and attorney's fees, against the City and the Cuyahoga County Board of Elections. George T. Simon, individually and as trustee, was also named as a defendant because he was party to an agreement to purchase the property.
Plaintiffs moved for summary judgment, asking the court to declare the City's new zoning ordinances unconstitutional and void and to declare that the June 12, 1981 judgment was valid and enforceable. The court held that the 1981 judgment was valid and enforceable but that this did not mean the City could not rezone the property. The court further held that it did not have jurisdiction to address the constitutionality of the ordinances because the Attorney General of the State of Ohio had not been served with the complaint. R.C. 2721.12(A).
Neither the court's opinion nor its judgment entry addresses the claims against the Board of Elections. Neither one includes an express determination that there is no just reason for delay. See Civ.R. 54(B). Although the judgment is entered on a form which contains a box for the court to indicate when the judgment is final, the court did not mark this entry as final.
It is a fundamental tenet of appellate jurisdiction that only final orders are appealable. A court order is final and appealable only if the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State University (1989), 44 Ohio St.3d 86, syllabus. We assume that the court's declaratory judgment here is an order affecting a substantial right in a special proceeding and, therefore, would be a final order under R.C. 2505.02(B)(2). See, e.g., General Accident Ins. Co. v. Insurance Co. of N. America (1989),44 Ohio St.3d 17, paragraph two of the syllabus. However, the trial court's order does not address appellants' claims against the Board of Elections with respect to the validity of the ballot language. It does not include any express determination that there is no just reason for delay, as required by Civ.R. 54(B). Therefore, the order granting partial summary judgment to appellants is not final and appealable, and we must dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellees recover of said appellants their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. and TERRENCE O'DONNELL, J. CONCUR