I respectfully dissent from the majority's opinion that appellant's appeal is untimely.
R.C. 2501.02 sets forth the jurisdiction of the Ohio Courts of Appeals. Upon appeal, jurisdiction is limited to review of final orders. R.C. 2505.02 sets forth what order is final. Civ. R. 54 provides when an appellate court may review judgments determining fewer than all the claims and/or fewer than all the parties.
In the case sub judice, there are numerous judgment entries which must be analyzed to determine if and when a final appealable order existed. The first is the trial court's October 31, 2000 entry, wherein the trial court decided appellant's action for declaratory judgment against Northland but in favor of Federal. Although declaratory judgments are special proceedings under R.C. 2505.02,[15] the October 31, 2000 Judgment Entry did not determine appellee's claim for declaratory judgment against State Farm nor appellee's separate claims for prejudgment interest against all three defendants. The October 31, 2000 entry did not specify there was no just cause for delay. Accordingly, it was merely an interlocutory order subject to change by the trial court any time prior to the issuance of a final order.
The analysis of the trial court's January 23, 2001 entry is more complex. Therein, the trial court changed its earlier determination granting summary judgment in favor of Federal to summary judgment against Federal; recognized the stipulation of coverage by State Farm; and noted ". . . all matters of a declaratory nature have been ruled upon." The trial court made an express determination there was not just reason for delay.
Neither Northland nor State Farm were involved in appellee's motion for reconsideration against Federal, which motion precipitated the trial court to issue its January 23, 2001 entry. The previous declaratory judgment against Northland was not reiterated nor specifically incorporated by reference in the January 23, 2001 entry, but rather, without specific identification, merely referenced as already having been ruled upon. At issue is whether the trial court's reference in its January 23, 2001 entry that all matters of a declaratory nature have been ruled upon, when coupled with it express finding of no just reason for delay, was sufficient to render a final appealable order against Northland.
If its January 23, 2001 entry was a final order, this Court would lack jurisdiction to hear Northland's appeal because Northland failed to file a timely notice of appeal therefrom pursuant to App. R. 4(A). If, on the other hand, the January 23, 2001 entry was not a final order because it failed to adequately reiterate and incorporate its October 31, 2000 Judgment Entry against Northland, the trial court's May 11, 2001 Judgment Entry (wherein it found its January 23, 2001 entry was a final appealable order), is likewise interlocutory. Although the trial court opined (with which opinion we may or may not ultimately agree), its ruling on whether it has issued a judgment constituting a final appealable order, does not automatically make it so. A final order is a jurisdictional prerequisite of this Court. Whether this Court has jurisdiction is an issue this Court determines ab initio. The trial court's advisory opinion its January 23, 2001 entry was a final appealable order is in no way binding upon this Court.
If the trial court's January 23, 2001 entry was not a final order, the trial court's May 11, 2001 Judgment Entry is merely an interlocutory, advisory order. In such case, this Court has no jurisdiction to review that order because it is also interlocutory.
Regardless of whether the January 23, 2001 entry was final or not, either way this Court would conclude we lack jurisdiction to determine the merits of Northland's appeal at this time. We decline to allow a trial court's advisory opinion, precipitated by a motion for reconsideration, on whether its previously issued order was final to be the procedural mechanism to cause us to address this issue now. Our resolution of whether the trial court's January 23, 2001 entry was a final appealable order will await another day.
Northland's appeal is dismissed for want of jurisdiction.
[15] General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17.