{¶ 13} I respectfully dissent from the majority's opinion, as I believe there are two alternate remedies.
 {¶ 14} The docket reflects that in August 2004, the court dismissed the instant action for the failure of counsel to appear at a pretrial. Shortly thereafter, K B filed a motion for relief from judgment.
 {¶ 15} In December 2004, the court entered two journal entries on the docket. The first order denied the motion for relief from judgment. This order, however, was specifically dated December 13, 2004, but not docketed until the following day. The second order, journalized December 14, 2004, acknowledged K B's motion for relief from judgment, granted the motion, and found that the motion satisfied the requirements of Civ.R. 60(B). The court then proceeded to set the matter for trial. Since this second order acknowledges that relief is being granted under Civ.R. 60(B) and sets the case for trial, I would find that this order is not a final appealable order because the case was technically still pending. Absent a final order, this Court is without jurisdiction to affirm, reverse, or modify an order from which an appeal is taken. General Acc. Ins. Co. v. Insurance Co.of North America (1989), 44 Ohio St.3d 17, 20.
 {¶ 16} In the alternative, and because of the confusing nature of the docket, under Civ.R. 60(A) and App.R. 9(E), this appeal could have been remanded to the trial court for clarification of the journal entries, both journalized on December 14, 2004, to set forth the trial court's ultimate determination in this matter. The trial court could then issue a journal entry indicating whether it granted relief from the earlier judgment of dismissal because of its failure to notify counsel of the potential for dismissal or if the court, in fact, vacated its grant of relief from judgment.
 {¶ 17} For these reasons, I would dismiss this case for lack of a final appealable order or, in the alternative, remand for clarification from the trial court.