[Cite as *State v. Montgomery*, 2012-Ohio-1640.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97143**

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## RAYMOND MONTGOMERY

DEFENDANT-APPELLEE

---

### JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-190650

**BEFORE:** Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 12, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor
Mary McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEES**

Judith P. Lipton
Carmen P. Naso
Christine N. Majdar, Certified Legal Intern
Nicole McGrath, Certified Legal Intern
Milton A. Kramer Law Clinic Center
Case Western Reserve University School of Law
11075 East Boulevard
Cleveland, OH 44106

KATHLEEN ANN KEOUGH, J.:

{¶1} This case involves an application for postconviction DNA testing brought pursuant to R.C. 2953.71 et seq. The state of Ohio appeals from the trial court's judgment that granted in part and denied in part defendant Raymond Montgomery's motion to conduct his own search for items sought for biological testing, and denied the state's objections to the search. We dismiss for lack of a final, appealable order.

I. Facts and Relevant Procedural History

{¶2} On June 6, 1985, Montgomery was convicted of aggravated murder, aggravated robbery, aggravated burglary, and attempted rape. The state produced no physical evidence at trial linking Montgomery to the murder victim, and he maintained his innocence until his death in 2010 while incarcerated.

{¶3} Montgomery filed his first motion for DNA testing in December 1993; the motion was subsequently denied. On May 18, 2004, Montgomery applied pro se pursuant to R.C. 2953.71 et seq. for DNA testing of a "small vial containing particles lifted from beneath the victim's fingernails during autopsy." The trial court has never ruled on this application.

{¶4} On February 14, 2008, the Ohio Innocence Project filed, on Montgomery's behalf, a second application for DNA testing of the "victim's clothing and bedding and any other biological material." On June 4, 2008, "after reviewing the briefs on motion of inmate's application for DNA testing," the trial court ordered the state to conduct "a thorough search for any remaining biological material that was collected during the

investigation and prosecution of the case, whether or not it was introduced as evidence at trial." On August 19, 2008, the state filed a motion to dismiss Montgomery's applications.

{¶5} In November 2010, the court found Montgomery to be indigent and appointed counsel to represent him. After Montgomery's death in December 2010, the state filed a supplemental motion to deny Montgomery's application for DNA testing, on the ground that because Montgomery is deceased, he no longer meets the definition of "eligible offender" under R.C. 2953.72(C)(1) to request DNA testing. Counsel for Montgomery responded, and the state filed a reply.

{¶6} The trial court held a pretrial on April 29, 2011. The state asserts that at the pretrial, Montgomery's counsel orally asked for the trial court's permission to conduct their own search for the items sought for DNA testing, which the trial court verbally granted over the state's objections. The state subsequently filed written objections to the court's order granting Montgomery's request to conduct a search.

{¶7} On June 3, 2011, the state filed a motion requesting that hearings in this matter be held on the record and the court's rulings be journalized. The state also filed a motion for journalization of the court's order granting Montgomery's oral motion to conduct a search and overruling the state's objections thereto.

{¶8} The court held a hearing on June 21, 2011. Subsequently, on July 19, 2011, the trial court entered an order granting in part and denying in part Montgomery's oral motion to conduct a search. In addition, the order overruled the state's objections

that the applicable statutes do not authorize a search by a defendant and that Montgomery is deceased and no longer meets the definition of "eligible offender" in order to request DNA testing. The state now appeals from this order.

## II. The Trial Court's Order Is Not a Final, Appealable Order

{¶9} "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction" and must dismiss the case. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶10} R.C. 2505.02(B) defines the types of final orders that may be reviewed by an appellate court. Under R.C. 2505.02(B)(2), an order is a final order if it is "an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." The state contends that the trial court's order is a final, appealable order under R.C. 2505.02(B)(2) because it affects a substantial right. Specifically, the state argues that dismissal of its appeal will forever foreclose it from appealing the trial court's finding that Montgomery is an "eligible offender" to request DNA testing, despite the fact that he is dead.

{¶11} This is an issue of first impression. The parties do not present, and this court is not aware of, any authority expressly granting or denying the state a right to appeal from an adverse order in a postconviction proceeding for DNA testing. Nevertheless, the language of R.C. 2953.71 et seq., regarding requests for DNA testing of eligible offenders brought pursuant to these statutes, demonstrates that the trial court's

order is not a final, appealable order.

{¶12} The first sentence of R.C. 2953.73 makes it clear that R.C. 2953.71 to 2953.84 govern the appealability of orders entered in such proceedings: "A judgment and order of a court entered under division (D) of this section [concerning a court's determination to accept or reject an application for DNA testing] is appealable only as provided in this section." Hence, we reject the state's contention that the trial court's order is a final, appealable order under R.C. 2505.02(B)(2).

{¶13} Further, we find that only the defendant whose application for DNA testing has been rejected is permitted to appeal. R.C. 2953.73(E) provides that if the trial court rejects an application for DNA testing, the defendant can appeal by leave of court to the supreme court in a death penalty case; in any other case, the defendant can appeal as of right to the relevant court of appeals. There is no provision for an appeal by the state.

{¶14} R.C. 2953.71 supports this conclusion. R.C. 2953.71(A)(8) requires that an offender applying for DNA testing acknowledge, among other things, that: (1) the court of common pleas has the sole discretion "subject to an appeal as described in this division" to determine whether an offender is an eligible offender and whether the offender's application for DNA testing satisfies the acceptance criteria; (2) if the court of common pleas rejects an eligible offender's application, the offender may seek leave to appeal the rejection to the supreme court if the offender was sentenced to death and, if the offender was not sentenced to death, may appeal the rejection to the court of appeals, and (3) "*that no determination otherwise made by the court of common pleas in the exercise*

*of its discretion regarding the eligibility of an offender or regarding postconviction DNA testing under those provisions is reviewable by or appealable to any court*[.]"

(Emphasis added.)

**{¶15}** The plain meaning of these statutes is that only a defendant whose application for DNA testing has been rejected is permitted to appeal. Accordingly, we dismiss the state's appeal for lack of a final, appealable order.

**{¶16}** Dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR