[Cite as *In re T.T.*, 2015-Ohio-4172.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF | : | Case No. 14CA997 |
| T.T., JR., | | |
| | : | |
| T.T., | | |
| | : | |
|     Plaintiff-Appellant, | | |
| | : | |
| v. | | <u>DECISION AND</u> |
| | : | <u>JUDGMENT ENTRY</u> |
| S.E.F., | | |
| | : | RELEASED 10/02/2015 |
|     Defendant-Appellee. | | |

<u>APPEARANCES</u>:

Jay S. Willis, Willis Legal Services, LLC, Portsmouth, Ohio, for appellant.

Barbara A. Moore, West Union, Ohio, for appellee.

Hoover, P.J.

{¶1}    Appellant T.T. appeals the decision of the Adams County Common Pleas Court, Juvenile Division, which appeared to grant custody of T.T., Jr., to the maternal aunt and appellee, S.E.F., and visitation to T.T., the natural father. Because we find that the trial court did not set forth its own separate and distinct judgment with a statement of the relief granted by the court, a final appealable order is lacking. Reluctantly, we must dismiss this appeal.

**I. Assignments of Error**

{¶2}    T.T. assigns the following errors for our review:

1. THE TRIAL COURT ABUSED ITS DISCRETION BY PREVENTING
APPELLANT FROM EXERCISING HIS APPEAL OF RIGHT BY DENYING

THE PREPARATION OF, AND ACCESS TO A TRANSCRIPT OF THE CHILD INTERVIEW.

2. THE TRIAL COURT ERRED BY NOT COMPLYING WITH JUVENILE RULE 40(D)(3)(A)(II) WHEN THE MAGISTRATE FAILED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TIMELY REQUESTED BY APPELLANT.

3. THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION WITHOUT COMPLYING WITH JUVENILE RULE 40(D)(4)(D) BY ADOPTING THE MAGISTRATE'S DECISION WITHOUT PROPERLY RULING UPON APPELLANT'S TIMELY FILED OBJECTION.

4. THE TRIAL COURT DENIED APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER BOTH THE OHIO AND UNITED STATES CONSTITUTIONS BY ADOPTING THE MAGISTRATE'S DECISION WITHOUT ALLOWING APPELLANT THE OPPORTUNITY TO BE HEARD BY SUBMITTING SPECIFIC OBJECTIONS TO THE MAGISTRATE'S DECISION PURSUANT TO JUVENILE RULE 40(3)(B)(I)-(IV).

5. THE TRIAL COURT DENIED APPELLANT'S FUNDAMENTAL RIGHT AS A PARENT BY RENDERING A FINDING OF UNSUITABILITY AND DENYING HIM CUSTODY OF HIS NATURAL CHILD WITHOUT AFFORDING APPELLANT A PROPER OPPORTUNITY TO BE HEARD THROUGH THE OBJECTION PROCEDURE ESTABLISHED IN JUVENILE RULE 40.

6. THE DECISION AND ORDER OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.

{¶3}    In response to T.T.'s assignments of error, S.E.F. argues that the trial court did not abuse its discretion when it did not allow T.T. access to the transcript of the in camera interview of T.T., Jr. S.E.F. asserts that providing transcripts of in camera interviews to parties in a custody case would have a chilling effect on communication between children and courts and would not be in the best interest of children. S.E.F. next claims that the trial court complied with Juv.R. 40(D)(3)(a)(ii) by providing findings of fact and conclusions of law in the decision. S.E.F. further asserts that the trial court complied with Juv.R. 40(D)(4)(d) and provided T.T. with due process by providing a "lengthy list of items specifically considered, and thoroughly reviewed,

including the transcript and the filings in the case." S.E.F. also argues that the trial court did not deny T.T.'s fundamental right as a parent because T.T. clearly abandoned T.T., Jr. Lastly, S.E.F. responds that the decision of the trial court was not against the manifest weight of the evidence and was not an abuse of discretion. S.E.F. claims that the trial court weighed the evidence and the credibility of the parties; and the trial court's decision was clearly supported by the testimony presented.

## II. Procedural Posture and Pertinent Facts

{¶4}    When T.T. filed his complaint for parentage, allocation of parental rights and responsibilities, and parenting time, T.T., Jr. was living with his maternal aunt, S.E.F., because T.T., Jr.'s mother had died. S.E.F. responded to the complaint by requesting that she be granted custody of the child. A magistrate heard the matter and issued a decision awarding S.E.F. legal custody and granting T.T. parenting time. The trial court adopted the magistrate's decision.

{¶5}    T.T. filed a timely objection to the magistrate's decision. T.T. also sought leave to supplement his objection after the preparation and filing of the trial transcript. T.T. further requested specific findings of fact and conclusions of law. S.E.F. also filed a timely objection, which argued that T.T. received excessive parenting time. In response to T.T.'s request for the findings of fact and conclusions of law, the magistrate issued an order stating that he believed that his decision "supplied sufficient findings of fact and conclusion[s] of law so as to fully explain the Magistrate's decision regarding the facts and law of the case." However, the magistrate indicated that he would be amenable to reviewing proposed findings of fact and conclusions of law prepared by the parties. T.T. submitted proposed findings and conclusions.

{¶6}    Instead, the magistrate did not issue a new decision; and the trial court filed a document entitled "JUDGMENT ENTRY ON PLAINTIFF'S AND DEFENDANT'S OBJECTIONS TO MAGISTRATE'S DECISION" in which it cited Civ.R. 53 as providing it with authority to review the magistrate's decision. The court specified that it had considered and thoroughly reviewed the various filings, including the parties' objections to the magistrate's decision and the trial transcript. The court determined that "there is ample evidence in the record to affirm the decision of the Magistrate," and it adopted and affirmed the decision of the magistrate. The court proceeded to summarize the trial evidence and issue its own additional findings of fact and conclusions of law. The trial court determined that a preponderance of the evidence established that T.T. had abandoned his child for at least two, if not three years, and that awarding custody of the child to him would be detrimental to the child. The court further determined that it was in the child's best interest that T.T. be granted the parenting time with T.T., Jr. that the magistrate ordered.

### III. Lack of Final Appealable Order

{¶7}    Before we address the merits of the assignments of error, we must first determine whether we have jurisdiction to consider this appeal. We have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Article IV, Section 3(B)(2), Ohio Constitution. "It is well-established that an order [or judgment] must be final before it can be reviewed by an appellate court. If an order [or judgment] is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶8}    A "judgment" is defined as a "decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code." Civ.R. 54(A). "A judgment shall not contain a

recital of pleadings, the magistrate's decision in a referred matter, or the record of prior proceedings." *Id*. A court must clearly set forth the relief afforded and cannot simply adopt a magistrate's decision. *Yahraus v. Circleville,* 4th Dist. Pickaway No. 00CA4, 2000 WL 33226190, *5 (Dec. 15, 2000). "Merely adopting a magistrate's decision, without separately setting forth the court's own judgment, is not permitted under Civ.R. 54(A)." *Id.* at *3. " 'To constitute a final appealable order, the trial court's journal entry must * * * grant relief on the issues originally submitted to the court.' " *Jackson v. Jackson,* 4th Dist. Washington No. 13CA40, 2014-Ohio-5853, ¶ 11, quoting *Flagstar Bank, FSB v. Moore,* 8th Dist. Cuyahoga No. 91145, 2008–Ohio–6163, ¶ 1. "The trial court, 'separate and apart from the magistrate's decision,' must enter its own judgment containing a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court." *Id.,* quoting *Flagstar Bank* at ¶ 8.

{¶9}     In the case sub judice, although the trial court was detailed in its 11 pages of findings of fact and conclusions of law, it ends its decision with the following language:

> The Decision of the Magistrate is accordingly affirmed and adopted in its entirety.
>
> Until further order from the Court. Costs of this proceeding taxed equally to
>
> Plaintiff and Defendant. **THIS IS A FINAL APPEALABLE ORDER.**

(Emphasis sic.)

{¶10}   The trial court did not set forth "its own judgment containing a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court." When we read the trial court's detailed findings of fact and conclusions of law, it is clear that the trial court intended to grant custody of T.T., Jr. to S.E.F. and to grant visitation to T.T.; however, the judgment entry does not explicitly state the relief afforded. The trial court's decision simply affirms and adopts the magistrate's decision in its entirety. As a result, because the trial court did

not enter a separate and distinct judgment that clearly sets forth the relief afforded, no final order exists for us to review. The trial court needs to set forth its own, separate and distinct judgment, which sets forth the relief granted on the issues originally submitted to the court.

## IV. Conclusion

{¶11}  Because of the detail set forth in the trial court's findings of fact and conclusions of law, we are cognizant of the trial court's intentions. Nonetheless, we must comply with the Civil Rules; and the failure to satisfy Civ.R. 54(A) is fatal to this appeal. However, in order to save the time and expenses of the parties, and assuming that the trial court issues a compliant judgment entry with the same underlying substance, if either or both of the parties timely file a new appeal, the parties may resubmit their briefs that were used in this appeal.

{¶12}  Accordingly, we dismiss this appeal.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and McFarland, A.J.: Concur in Judgment and Opinion.

For the Court


BY: _____
        Marie Hoover
        Presiding Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**