[Cite as *Beck v. Beck*, 2016-Ohio-3012.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STEVEN J. BECK, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-031** |
| JOY L. BECK, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2012 DR 000349.

Judgment: Appeal dismissed.

*Steven J. Beck*, pro se, 1559 Mariner Drive, Walled Lake, MI  48390 (Plaintiff-Appellee).

*Joy L. Beck*, pro se, 20230 Pienza Lane, Porter Ranch, CA  91326 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}   This appeal is taken from a February 25, 2016 entry in which the Lake County Court of Common Pleas, Domestic Relations Division, ruled on objections to a magistrate's decision and ordered that appellant, Joy L. Beck, prepare, circulate to appellee, Steven J. Beck, and proffer "an entry of divorce in accordance with the Magistrate's Decision and [the court's] order no later than March 22, 2016."

{¶2}   A review of the docket in this matter reveals that appellee filed a complaint for divorce against appellant.  Appellant filed an answer to the complaint as well as a

counterclaim. The matter was submitted to a magistrate and the magistrate issued a decision. Appellant filed objections to the magistrate's decision. The trial court issued its entry on February 25, 2016, and ruled on the multiple objections filed by appellant. The trial court also instructed appellant to prepare, circulate to appellee, and proffer an entry of divorce in accordance with the magistrate's decision and the court's order by March 22, 2016. It is from that entry that appellant filed the instant appeal on March 25, 2016.

{¶3} Prior to filing the appeal, appellant filed, in the trial court, a motion for extension of time to submit the judgment entry of divorce. The trial court granted the extension and gave appellant until April 18, 2016, to prepare the entry of divorce. On April 18, 2016, appellant filed a second request for extension of time to submit the judgment entry of divorce with the trial court, which is still pending.

{¶4} We must determine if the entry appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

2

{¶6} R.C. 2505.02(B) states that:

{¶7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶10} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶15} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶16} "(7) An order in an appropriation proceeding * * *."

3

{¶17} For R.C. 2505.02(B)(2) to apply here, the entry under review must be affect a substantial right made in a special proceeding. Thus, R.C. 2505.02(B)(2) does not apply here.

{¶18} Additionally, it is clear that the February 25, 2016 entry did not vacate a judgment, grant a provisional remedy, deal with a class action, or determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80. Thus, R.C. 2505.02(B)(3)-(6) do not apply to the matter at hand.

{¶19} For R.C. 2505.02(B)(1) to apply to the February 25, 2016 entry, it must affect a substantial right, determine the action, and prevent further judgment, which it does not. In this case, appellant was ordered to provide the trial court with a separate entry of divorce reflecting the magistrate's decision, which has not yet been done. Therefore, the February 25, 2016 entry is simply prefatory to the issuance of a final order. Hence, until a final judgment entry is issued by the trial court, this court is without jurisdiction to consider the merits in this matter.

{¶20} Accordingly, this appeal is hereby dismissed for lack of jurisdiction.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

4