[Cite as *In re M.E.B.*, 2025-Ohio-4326.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

M.E.B.

CASE NO. 2024-T-0107

Civil Appeal from the
Court of Common Pleas,
Probate Division

Trial Court No. 2024 MSA 0019

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: September 15, 2025
Judgment: Appeal dismissed

---

*Bradley A. Somogyi*. Kisling, Nestico & Redick, LLC, 3412 West Market Street, Fairlawn, OH 44333 (For Appellant, Jessica Struhar).

ROBERT J. PATTON, P.J.

{¶1}     Applicant-appellant, Mother of M.E.B., a minor, appeals the decision of the Trumbull County Court of Common Pleas which denied her Motion to Waive Father's Signature on Waiver of Notice and Consent and Dispense with Notice of Hearing to Father. For the following reasons, this case is dismissed.

{¶2}     In this appeal, Mother of M.E.B. asserts that the trial court abused its discretion by denying Mother's request to waive Father's signature on the waiver of notice and consent and to waive Father's notice of the hearing on Mother's application to settle a minor's claim in the Trumbull County Probate Court. After demanding Mother show cause as to why this case should not be dismissed for lack of a final appealable order, we conclude that the interlocutory order Mother attempts to appeal from is not a final

order. Therefore, this Court lacks jurisdiction to proceed with review, and the appeal must be dismissed.

{¶3} This appeal arises from an incident involving M.E.B., a minor, who was eight years old in May 2022, when injured in an accident. As a result of the accident, a settlement in the amount of $2,500 was reached, with M.E.B. receiving a net amount of $934.93 after payment of medical bills, costs, and fees. Jessica Struhar ("Mother") filed an application, on behalf of M.E.B., to settle the minor's claim with the Trumbull County Probate Court, on September 23, 2024. The same day, through counsel, Mother filed a motion with the probate court requesting the court waive Father's signature on the notice and consent to settle the minor's claim and Mother's obligation to serve M.E.B.'s Father, Robert Barclay ("Father"), with notice of the proceedings. Mother asserts that her reason for the request to waive notice to Father was because of a Civil Protection Order ("CPO") prohibiting Father from contacting Mother and M.E.B. that has been in place since July 27, 2021. The request was denied by a magistrate's decision filed November 22, 2024. The magistrate's decision was adopted by the trial court the same day. In its judgment entry, the trial court instructed Mother to use reasonable diligence to determine Father's residence, and if Father's address could not be determined, to file an updated motion and affidavit seeking alternative notice. The trial court further indicated that reasonable steps such as redacting the minor's address and conducting video hearings could be taken to ensure safety.[1] On December 20, 2024, Mother filed a notice of appeal to the trial court's decision.

{¶4} Mother asserts one assignment of error in her brief:

---

1. The record indicates that Father's parental rights have not been terminated, though he has not taken steps to establish paternity.

Case No. 2024-T-0107

{¶5} "[1.] The Trial Court abused its discretion in not invoking its powers under Rule 76 of the Ohio Rules of Superintendence, wherein it had the right to waive notice to and participation of the non-custodial parent in a minor settlement matter, despite good cause shown in the forms of an active Civil Order of Protection against the non-custodial parent, and from sworn testimony from the custodial parent during a Court-ordered hearing wherein the court became aware that the custodial parent did not know the non-custodial parents whereabouts, that the non-custodial parent had no active or passive role in the minor's life regarding the accident, and that no parental rights had been established. (T.d. 5-9)"

{¶6} On January 24, 2025, this Court ordered Mother to show cause why this appeal should not be dismissed for lack of final appealable order. On February 13, 2025, Mother filed her response. In her response, Mother contends that by requiring Father to be served notice of the proceedings and allowed to participate, the trial court effectively denied her, and M.E.B., the right of protection afforded by the CPO against Father. Mother asserts that requiring her to provide notice to Father would require she communicate with Father, thereby violating the CPO, and denying her the right of protection afforded by the terms of the CPO.

{¶7} Appellate courts may only review trial court orders that are final. "A trial court judgment is immediately appealable if it constitutes a final order. Section 3(B)(2), Article IV of the Ohio Constitution. If a lower court's judgment is not final, then an appellate court has no jurisdiction, and the matter must be dismissed." *Perkins v. Perkins*, 2025-Ohio-510, ¶ 5, citing *Gen. Acc. Ins. Co. v. N. Am.*, 44 Ohio St.3d 17, 20 (1989). We look to R.C. 2505.02 to determine what constitutes a final appealable order.

Case No. 2024-T-0107

{¶8} Relevant to Mother's appeal, R.C. 2505.02(B)(1), (B)(2), and (B)(4) provide:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

. . .

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} Mother contends that she and M.E.B. have a substantial right, by way of the CPO, to protection from Father in accordance with the CPO's terms. "Substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2502.02(A)(1). To constitute a final appealable order under R.C. 2505.02(B), Mother must demonstrate that the order of the trial court affects her substantial right.

{¶10} To constitute a final appealable order under R.C. 2505.02(B)(4), Mother must demonstrate that the trial court's order grants or denies a provisional remedy where no meaningful appeal or effective remedy could be had after a final judgment. "Provisional remedy" is defined as a "proceeding ancillary to an action, including, but not limited to, a

proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence . . . ." R.C. 2505.02(A)(3).

{¶11}   Here, Mother asserts in her response to this Court's demand to show cause that the trial court's order required her to violate the terms of the CPO by providing Father with notice. The CPO protects Mother and M.E.B. by prohibiting Father from being within 500 feet of them and prohibiting Father from any form of communication with Mother or M.E.B., even with Mother or M.E.B.'s permission.

{¶12}   The trial court's order instructed "that counsel and/or [Mother] exercise reasonable diligence in determining the residence of [Father], and, if said residence can be determined, file his address with the Court. If his address cannot be determined, an updated motion and affidavit can be filed articulating the steps taken to determine the residence of [Father] and seeking alternative notice." Additionally, the judgment entry stated, "As for safety concerns, steps can be taken such as redacting the minor's address and conducing video hearings if such is necessary."

{¶13}   In her brief, Mother stated that because of the active CPO in place against Father, "[Mother] did not send a waiver and consent form to the non-custodial father, and did not provide his address to the Court so that the Court could sen[d] notice of the application and the subsequent hearing on approval, as the address is unknown . . . and efforts to find him or serve him via publication or other 'alternative method' suggested by the Court would only amount to an unfair burden and in essence a tax on the minor . . . ."

{¶14}   Mother fails to demonstrate how her right of protection would be violated by notifying Father of the proceedings. Mother points to the Rules of Superintendence, which do not create rights in individuals. "Ohio courts have generally found that the Rules of

Case No. 2024-T-0107

Superintendence do not, absent specific mandate, create substantive rights in individuals or procedural law." *In re Z.H.*, 2013-Ohio-3904, ¶ 16 (9th Dist.) citing *In re K.G.*, 2010-Ohio-4399, ¶ 11 (9th Dist.). "Further, the Rules of Superintendence 'do not have the same legal standing' as the rules of practice and procedure, which must be presented to the legislature and have the effect of law." *Id.* citing *State v. Smith* Ohio App.2d 317, 328 (8th Dist.).

{¶15}  The CPO restricts Father's rights by prohibiting him from communicating with Mother or M.E.B. and further prohibiting Father from coming within 500 feet of them. The CPO does not indicate that Mother is barred from sending notice of the existence of the proceedings, through counsel, to Father. Nothing in the trial court's order indicates that Father would be required to violate any provision in the CPO by receiving notice of the proceedings or participating, if he so chose, and the trial court provided alternatives to ensure Mother and M.E.B.'s safety.

{¶16}  In its order, the trial court instructed Mother to exercise reasonable diligence in attempting to locate an address for Father. It allowed the Clerk to mail notice of the proceedings to Father, or Mother could file a motion requesting an alternative method of service such as publication. Further, the trial court offered to protect Mother and M.E.B. by redacting M.E.B.'s address and conducting video hearings if necessary. The trial court provided Mother with alternative means to notify Father which she declined to avail herself to, stating in her reply brief to this Court's demand to show cause, "The Court . . . offered redactions of the custodial parent's address and video hearings, both of which are unacceptable to the custodial parent."

Case No. 2024-T-0107

{¶17} As alternative methods were presented to Mother to provide Father with notice of the proceedings without directly communicating with him, without knowledge of Mother and M.E.B.'s address, and without being within 500 feet of Father, any requirement that the CPO would be violated is speculative. Additionally, nothing in the trial court's order denying Mother's request to waive Father's notice appears to bear impact on the continuation of the existing CPO until its expiration. As such, it cannot be said that the trial court's order affected a substantial right.

{¶18} Looking to whether the order constituted a provisional remedy, the issue of notice was indeed ancillary to the settlement action, meeting the first prong of the statute. However, for a provisional remedy to be final and appealable, it must decide the issue leaving no meaningful or effective remedy available by appeal. R.C. 2505.02(B)(4)(b). To seek a remedy on appeal, however, a party must demonstrate that they were harmed by the order. *In re Application of Suburban Natural Gas Co.*, 2021-Ohio-3224, ¶ 42. As we have concluded that the trial court's order in this case does not appear to require violation of any of the CPO terms, nor does it modify or terminate the CPO, Mother has not demonstrated that any harm caused by the trial court's order would be inflicted entitling her to seek a remedy.

{¶19} Accordingly, the trial court's judgment entry denying Mother's request to waive notice of the proceedings to Father is not a final appealable order and this case must be dismissed.

Case No. 2024-T-0107

{¶20} For the foregoing reasons, this case is dismissed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that the appeal is hereby dismissed for lack of jurisdiction.

Costs taxed against the appellant, Jessica Struhar.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-T-0107