[Cite as *Tattershall One Condominium Owners' Assn. v. Marks*, 2025-Ohio-5570.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| TATTERSHALL ONE CONDOMINIUM UNIT OWNERS' ASSOCIATION,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>TRACY L. MARKS, et al.,<br><br>Defendant-Appellant. | CASE NO. 2025-P-0059<br><br>Civil Appeal from the Court of Common Pleas<br><br>Trial Court No. 2024 CV 00018 |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: December 15, 2025
Judgment: Appeal dismissed

---

*Megan Vogt* and *Joel A. Holt*, Maguire Schneckenburger Legal Group, 190 East Avenue, Tallmadge, OH 44278 (For Plaintiff-Appellee).

*Tracy L. Marks*, pro se, 170 Bryn Mawr Street, Unit F, Ravenna, OH 44266 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} On August 18, 2025, appellant, Tracy L. Marks, pro se, filed a notice of appeal from a July 17, 2025 judgment entry in which the Portage County Court of Common Pleas adopted a magistrate's decision issued on the same day.

{¶2} A review of the docket reveals Marks timely filed objections to the magistrate's decision on July 31, 2025, but she appealed before the trial court ruled on her objections.

{¶3} The Ohio Constitution limits an appellate court's jurisdiction to the review of judgments or final orders of lower courts. Section 3(B)(2), Article IV. Accordingly, this

court has jurisdiction to review only final and appealable orders. *Sed v. Mundy*, 2015-Ohio-5221, ¶ 4 (11th Dist.). If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶4} Pursuant to Civ.R. 53(D)(4), one of three scenarios occurs after a magistrate's decision is issued: (1) absent objections, the court may adopt the magistrate's decision if there are no errors of law or other defects on its face; (2) if objections are filed, the court may consider the objections and either adopt, reject, or modify the decision, hear additional evidence, recommit the matter to the magistrate, or hear the matter; or (3) the court may immediately adopt the decision and enter judgment without waiting for objections, but the filing of timely objections automatically stays execution of the judgment until the court disposes of the objections and vacates, modifies or adheres to the judgment already entered. *Sed* at ¶ 5, citing Civ.R. 53(D)(4).

{¶5} Based on the foregoing appellant's appeal is premature and we do not have a final appealable order. The instant appeal must be dismissed, sua sponte, for lack of jurisdiction. Appellant will have a meaningful and effective remedy by way of an appeal once the trial court enters a final judgment. *See Jones v. Natural Essentials, Inc.*, 2015-Ohio-5222, ¶ 7 (11th Dist.).

{¶6} Appeal dismissed.


ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-P-0059

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that the appeal is hereby dismissed, sua sponte, for lack of jurisdiction.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0059