[Cite as *Robertson v. RM Moore Ents.*, 2017-Ohio-620.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| KELLY ROBERTSON, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0105** |
| RM MOORE ENTERPRISES, LLC, et al. | : | |
| Defendants/Third Party Plaintiffs-Appellants, | : | |
| | : | |
| - vs - | : | |
| | : | |
| GARY G. HILL & ASSOCIATES, LLC, | : | |
| Third Party Defendants. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2015 CVH 580.

Judgment: Appeal dismissed.

*Nicholas R. Sidoti*, Sidoti Co., LPA, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Plaintiff-Appellee).

*Leslie A. Weiss*, Halberg & Associates Company, L.P.A., 198 East Aurora Road, Northfield, OH 44067 (For Defendants/Third Party Plaintiffs-Appellants).

DIANE V. GRENDELL, J.

{¶1}  On December 19, 2016, appellants, RM Moore Enterprises, LLC, and Michael P. Moore, filed an appeal from the judgment of the Chardon Municipal Court.

{¶2}  The record reveals that on August 12, 2015, appellee, Kelly Robertson, filed a three-count complaint against appellants for breach of contract and unjust

enrichment. Appellants filed an answer and a third party complaint. Appellee moved for summary judgment, and appellants filed a separate motion to dismiss and/or motion for summary judgment. In an entry dated November 17, 2016, the trial court granted appellee's motion for summary judgment as to count three of the complaint, and dismissed RM Moore Enterprises, LLC, as a party to the matter. The trial court denied the summary judgment motion as to counts one and two and ordered that the case proceed to trial on those counts. As to appellants' motion to dismiss and/or motion for summary judgment, the trial court denied the motion. The trial court ordered that the matter be set for trial. No Civ.R. 54(B) language was affixed to that judgment. Appellants filed the instant appeal as a result.

{¶3} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a trial court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim,

2

and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶5} This court has repeatedly held that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Elia v. Fisherman's Cove, Inc.*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶ 6.

{¶6} Here, counts one and two of appellee's complaint are still pending as well as the third party complaint. Furthermore, the trial court ordered that the matter be set for trial. Without the inclusion of the Civ.R. 54(B) language, that there is not just reason for delay, no final appealable order exists at this time.

{¶7} Based upon the foregoing analysis, this appeal is dismissed, sua sponte, due to lack of a final appealable order.

{¶8} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3