[Cite as *Grand Valley Local School Dist. Bd. of Edn. v. Jack Gibson Constr. Co.*, 2018-Ohio-3106.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| GRAND VALLEY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiffs, | : | **CASE NO. 2018-A-0029** |
| | : | |
| THE CINCINNATI INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| ERIE INSURANCE EXCHANGE, et al., | : | |
| | : | |
| Intervening Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| BUEHRER GROUP ARCHITECTURE & ENGINEERING, INC., et al., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| JACK GIBSON CONSTRUCTION COMPANY, | : | |
| | : | |
| Defendant/Third Party Plaintiff-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 00161.

Judgment: Appeal dismissed.

*Thomas W. Wright*, Davis & Young, L.P.A., 29010 Chardon Road, Willoughby Hills, OH 44092 (For Plaintiff-Appellee).

*Ronald A. Rispo and Randy L. Taylor*, Weston Hurd, LLP, The Tower at Erieview, 1301 East Ninth Street, Suite 1900, Cleveland, OH 44114-1862 (For Intervening Plaintiff-Appellee).

*Ryan Patrick Sherman* and *Ryan L. Graham*, Porter, Wright, Morris & Arthur, LLP, 41 South High Street, 29th Floor, Columbus, OH 43215, and *Brodie M. Butland*, Porter, Wright, Morris & Arthur, LLP, 950 Main Avenue, Suite 500, Cleveland, OH 44113-7201 (For Defendant/Third Party Plaintiff-Appellant).

THOMAS R. WRIGHT, P.J.,

{¶1} Appellant, Jack Gibson Construction Company, appeals a judgment granting summary judgment in favor of Cincinnati Insurance and Erie Insurance. The appealed judgment lacks a "no just reason for delay" finding and adjudicates fewer than all the claims.

{¶2} Erie and Cincinnati move to dismiss for lack of a final appealable order.

{¶3} This court has jurisdiction to decide final appealable orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). A judgment is immediately reviewable if it constitutes a "final order" in the action. Section 3(B)(2), Article IV of the Ohio Constitution. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. When an order is not final, an appellate court has no jurisdiction to review the judgment, and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which

2

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶5} Where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating, "there is no just reason for delay[.]" *Elia v. Fisherman's Cove, Inc.*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶ 6.

{¶6} Here, the appealed judgment adjudicates fewer than all the claims but lacks "no just reason for delay" language.

{¶7} Based upon the foregoing, appellees' motions to dismiss are granted.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3