[Cite as *Calif Real Estate Holdings, L.L.C. v. Inspiring Minds, L.L.C.*, 2020-Ohio-3560.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CALIF REAL ESTATE HOLDINGS, LLC, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant/<br>Cross-Appellee, | : | |
| | : | **CASE NO. 2019-T-0071** |
| - vs - | : | |
| INSPIRING MINDS, INC., | : | |
| Defendant-Appellee/<br>Cross-Appellant | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CV 00344.

Judgment: Appeal dismissed.


*Thomas C. Nader*, Nader & Nader, 7011 East Market Street, Suite 33, Warren, Ohio 44484 (For Plaintiff-Appellant/Cross-Appellee).

*Thomas F. Hull, II*, Manchester Newman & Bennett, LPA, 201 East Commerce Street, Atrium Level Two, Youngstown, Ohio 44503 (For Defendant-Appellee/Cross-Appellant).


MARY JANE TRAPP, J.

{¶1}  On October 10, 2019, appellant/cross-appellee, Calif Real Estate Co. ("Calif Real Estate"), filed an appeal from a judgment entry of the Trumbull County Court of Common Pleas granting summary judgment to appellee/cross-appellant, Inspiring Minds, Inc. ("Inspiring Minds"), on Calif Real Estate's claims.

{¶2} This matter arose out of a real estate purchase agreement, by which Calif Real Estate sold a commercial building in Warren, Ohio, to Inspiring Minds. According to Calif Real Estate, the parties agreed that Calif Real Estate could keep its personal property in a specific area of the real property until December 31, 2017.

{¶3} In February of 2018, Calif Real Estate initiated the underlying action against Inspiring Minds, claiming wrongful retention, conversion, and breach of contract for the failure to return and/or allow Calif Real Estate to remove its chattels. Inspiring Minds filed an answer and counterclaim against Calif Real Estate for "breach of contract for failure to remove junk" and "breach of contract/unjust enrichment for maintaining junk in the property's warehouse after August 2017."

{¶4} On July 15, 2019, Inspiring Minds filed a motion for summary judgment on Calif Real Estate's claims. On September 13, 2019, the trial court granted Inspiring Minds' motion for summary judgment, stating in the judgment entry that "[i]t is therefore ORDERED that the Defendant Inspiring Minds be and is herein granted summary judgment[.] Case concluded. Costs to plaintiff." No Civ.R. 54(B) language was affixed to that judgment. The instant appeal ensued.

{¶5} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, an appellate court can immediately review a judgment of a trial court only if it constitutes a "final order" in the action. *Estate of Biddlestone,* 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶3. If a trial court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Id.,*

2

citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Childrens Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶3.Civ.R. 54(B) provides the following:

{¶6} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶7} This court has repeatedly held that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay." *Elia v. Fisherman's Cove, Inc.*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶6.

{¶8} Here, Inspiring Minds' counterclaims against Calif Real Estate remain pending. Therefore, the September 13, 2019 entry on appeal disposed of some but not

3

all of the claims.  Without the inclusion of the Civ.R. 54(B) language that there is no just reason for delay, no final appealable order exists at this time.

{¶9}   Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

{¶10}  Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.