[Cite as *Prady v. Scwartz Constr., LTD.*, 2019-Ohio-1168.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| GLENN A. PRADY, JR., et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs, | : | |
| - vs - | : | **CASE NO. 2019-A-0004** |
| SCHWARTZ CONSTRUCTION, LTD., | : | |
| Defendant/Third Party Plaintiff-Appellant, | : | |
| - vs - | : | |
| THE CINCINNATI INSURANCE COMPANIES, | : | |
| Third Party Defendant-Appellee. | : | |


Civil Appeal from the Court of Common Pleas, Case No. 2016 CV 0413.

Judgment: Appeal dismissed.


*Christopher M. Newcomb*, Christopher M. Newcomb, Esq., LLC, 213 Washington Street, Conneaut, OH 44030 (For Defendant/Third Party Plaintiff-Appellant).

*Michael D. Fitzpatrick*, The Cincinnati Insurance Companies, 55 Public Square, Suite 930, Cleveland, OH 44113 (For Third Party Defendant-Appellee).


MARY JANE TRAPP, J.

{¶1} On January 9, 2019, appellant, Schwartz Construction, Ltd. ("Schwartz"), filed an appeal from a judgment of the Ashtabula County Court of Common Pleas.

{¶2} Glenn and Debora Prady ("the Pradys") initiated this action on June 17, 2016, against Schwartz for breach of contract, negligent performance of work and conversion. The Pradys contracted with Schwartz for the construction of an addition and renovations to their home. On July 13, 2017, Schwartz filed a third-party complaint against appellee, The Cincinnati Insurance Companies ("CIC"), as CIC insured Schwartz through a commercial general liability policy during that time.

{¶3} On November 29, 2017, CIC filed a counterclaim against Schwartz and a crossclaim against the Pradys seeking a declaration that it had no duty to defend or indemnify Schwartz with respect to the Pradys' claims. CIC filed a motion for summary judgment claiming it had no duty to defend or indemnify Schwartz. Schwartz opposed the motion. In an entry dated December 10, 2018, the trial court granted CIC's motion for summary judgment as it pertained to the counterclaim and crossclaim. No Civ.R. 54(B) language was affixed to that judgment. The instant appeal ensued.

{¶4} On February 27, 2019, this court issued an entry indicating that there did not appear to be a final appealable order since claims remained pending below and the trial court's entry did not contain Civ.R. 54(B) language. On March 18, 2019, Schwartz filed a brief in support of jurisdiction indicating that there is a final appealable order.

{¶5} We must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a trial court's order is not final,

2

then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶6} Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶7} This court has repeatedly held that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *W. Res. Port Auth. V. Range Resources-Appalachia, L.L.C.*, 11th Dist. Trumbull No. 2015-T-0036, 2015-Ohio-2903*; Elia v. Fisherman's Cove, Inc.*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522.

{¶8} In the instant matter, the judgment entry on appeal disposed of some but not all the claims. Without the inclusion of the Civ.R. 54(B) language, that there is not just reason for delay, no final appealable order exists at this time.

3

**{¶9}** Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

**{¶10}** Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.