[Cite as *Patel v. Huntington Banc Shares Fin. Corp.*, 2020-Ohio-3937.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| YOGESH H. PATEL, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-L-058** |
| HUNTINGTON BANC SHARES FINANCIAL CORPORATION, et al., | : | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeal from the Court of Common Pleas, Case No. 2018 CV 001565.

Judgment: Appeal dismissed.

*Jonathan P. Blakely*, P.O. Box 217, Middlefield, OH 44062 (For Plaintiff-Appellant).

*Melissa A. Laubenthal*, Giffen & Kaminski LLC, 1300 East Ninth Street, Suite 1600, Cleveland, OH 44114 (For Defendant-Appellee).


MARY JANE TRAPP, J.

{¶1} On April 22, 2020, appellant, Yogesh H. Patel ("Patel"), filed an appeal from a judgment of the Lake County Court of Common Pleas.

{¶2} Patel initiated a five-count complaint against appellee, Huntington Banc Shares Financial Corporation ("Huntington"), as well as four other defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Capital One Bank (Capital One"), James Nguyen ("Nguyen"), and Harry Ferraro ("Ferraro") after several unauthorized electronic transfers totaling $54,614 were made from his bank account into accounts of others during a six-month period. Counts one through three were brought against Huntington for negligence,

breach of implied contract and unjust enrichment. Counts four and five were brought against the other four defendants for conversion and unjust enrichment.

{¶3} Patel dismissed his complaint without prejudice against three defendants, Wells Fargo, Capital One and Ferraro, and Huntington moved for summary judgment on counts one through three of the complaint. In a March 25, 2020 entry, the trial court granted Huntington's motion for summary judgment as to counts one through three. The trial court did not address counts four and five, and no Civ.R. 54(B) language was affixed to the entry. The instant appeal ensued.

{¶4} On June 11, 2020, this court issued an entry indicating that there did not appear to be a final appealable order since claims remained pending below and the trial court's entry did not contain Civ.R. 54(B) language. On July 7, 2020, Patel filed a brief in support of jurisdiction indicating that there is a final appealable order and stating that "[t]he court scheduled a trial as to [Nguyen] * * *."

{¶5} We must determine if there is a final appealable order since this court may entertain only appeals from final orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, this court can only immediately review a trial court judgment if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If an order is not final, then an appellate court has no jurisdiction to review it, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

2

{¶6}   Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.  In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶7}   This court has held that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]"  *Prady v. Schwartz Construction, Ltd.*, 11th Dist. Ashtabula No. 2019-A-0004, 2019-Ohio-1168; *W. Res. Port Auth. V. Range Resources-Appalachia, L.L.C.*, 11th Dist. Trumbull No. 2015-T-0036, 2015-Ohio-2903*;*

{¶8}   Here, the appealed entry disposed of some but not all the claims and parties.  The claims in counts four and five of the complaint against one defendant, Nguyen, are still pending.  Since no Civ.R. 54(B) determination that there is not just reason for delay was made in the March 25, 2020 entry, no final order exists at this time.

{¶9}   Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

3