[Cite as *Ramona v. Safeco Ins.*, 2021-Ohio-2468.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| BRIAN RAMONA, et al., | **CASE NO. 2021-G-0011** |
| Plaintiffs-Appellants, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| JOSHUA J. SCHULTZ, et al., | |
| Defendants, | Trial Court No. 2019 P 000591 |
| SAFECO INSURANCE, et al., | |
| Defendants-Appellees. | |

## M E M O R A N D U M   O P I N I O N

Decided: July 19, 2021
Judgment: Appeal Dismissed

*Brian J. Green*, Shapero & Green LLC, Signature Square II, Suite 220, 25101 Chagrin Boulevard, Beachwood, OH 44122 (For Plaintiffs-Appellants).

*William M. Harter* and *Frank S. Carson,* Frost Brown Todd LLC, 10 West Broad Street, Suite 2300, Columbus, OH 43215 (For Appellee, Safeco Insurance).

*Brian D. Sullivan* and *Aaren R. Host*, Reminger Co., L.P.A., 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44114 (For Appellee, Andrako & Assoc., Inc.).

CYNTHIA WESTCOTT RICE, J.

{¶1}   On June 1, 2021, appellants, Brain Ramona and Andrea Boling, appealed two orders of the Geauga County Court of Common Pleas.  We must dismiss this appeal since the trial court's orders are not final and appealable orders.

{¶2} Appellants filed an amended complaint alleging numerous claims against Joshua J. Schultz and other defendants, which included appellees, Safeco Insurance and Andrako & Assoc., Inc. Andrako moved for summary judgment and Safeco moved for a partial summary judgment. On May 3, 2021, the trial court granted both motions in two separate orders. In the order granting Safeco's motion, the trial court indicates that "[t]he only claim which remains pending against the Safeco entities is for Underinsured Motorist insurance proceeds under the automobile policy of insurance issued by Safeco Insurance Company of Illinois." Neither order included language that "there is no just reason for delay" pursuant to Civ.R. 54(B). This appeal ensued.

{¶3} On June 28, 2021, Safeco filed a motion to dismiss the appeal for lack of a final appealable order. Safeco posits that the trial court entry did not dispose of all the claims against the parties and the entry did not contain Civ.R. 54(B) language.

{¶4} We must determine if there is a final appealable order since this court may entertain only appeals from final orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, this court can only immediately review a trial court judgment if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If an order is not final, then an appellate court has no jurisdiction to review it, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5} Civ.R. 54(B) provides the following:

2

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶6} This court has held that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Prady v. Schwartz Construction, Ltd.*, 11th Dist. Ashtabula No. 2019-A-0004, 2019-Ohio-1168; *W. Res. Port Auth. V. Range Resources-Appalachia, L.L.C.*, 11th Dist. Trumbull No. 2015-T-0036, 2015-Ohio-2903*;*

{¶7} Here, the May 3, 2021 orders disposed of some but not all the claims and parties. Also, no Civ.R. 54(B) determination that there is not just reason for delay was made in the entry. Since the claims against other defendants are still being litigated, no final order exists at this time.

{¶8} Based upon the foregoing analysis, Safeco's motion to dismiss is granted, and this appeal is dismissed for lack of a final appealable order.

{¶9} Appeal dismissed.


THOMAS R. WRIGHT, J.,

JOHN J. EKLUND, J.,

concur.

3

Case No. 2021-G-0011