[Cite as *Madison Twp. Bd. of Trustees v. Hambden Sportsman Inc.*, 2023-Ohio-3694.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| MADISON TOWNSHIP BOARD OF TRUSTEES, et al., | CASE NO. 2023-L-052 |
| Plaintiffs-Appellees, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| HAMBDEN SPORTSMAN INC. d.b.a. C-4 SHOOTING & TRAINING CENTER, et al., | Trial Court No. 2022 CV 000908 |
| Defendants-Appellants. | |

## M E M O R A N D U M
## O P I N I O N

Decided: October 10, 2023
Judgment: Appeal dismissed

*Gary L. Pasqualone*, Curry & Pasqualone, 302 South Broadway, Geneva, OH 44041, and *Andrea K. Ziarko*, Baker Dublikar, 400 South Main Street, North Canton, OH 44720 (For Plaintiffs-Appellees).

*Christopher M. Corrigan*, Seeley, Savidge, Ebert & Gourash, Co., LPA 26600 Detroit Road, Suite 300, Westlake, OH 44145 (For Defendant-Appellant, Hambden Sportsman Inc. d.b.a. C-4 Shooting & Training Center).

*Christopher M. Corrigan*, Seeley, Savidge, Ebert & Gourash, Co., LPA 26600 Detroit Road, Suite 300, Westlake, OH 44145 and *Luca A. Viglione*, 29948 Regent Road, Wickliffe, OH 44092 (For Defendant-Appellant, C-4 Shooting and Training Academy, Inc.).

ROBERT J. PATTON, J.

{¶1} On May 11, 2023, appellants, Hambden Sportsman Inc. d.b.a. C-4 Shooting & Training Center (Hambden) and C-4 Shooting and Training Academy, Inc. (the

Academy), filed a notice of appeal from an entry of the Lake County Court of Common Pleas.

{¶2} Appellees, Madison Township Board of Trustees and Madison Township Zoning Inspector Max Ungers, filed a complaint requesting a temporary restraining order, preliminary injunction, and permanent injunction against Hambden and Neil Harrison alleging violations of the township zoning code. Appellees sought a permanent injunction to enjoin the property owners and business from shooting pistols, rifles, or other weapons other than trap or skeet shooting from the range and to remove any structure not in existence at the time the property was conveyed. Harrison was dismissed as a party, and the Academy intervened as a defendant and filed a counterclaim. After a hearing, the trial court issued a March 31, 2023 entry, where it indicated that it was only dealing "with the Township's motion for preliminary injunction." In that entry, the court granted the preliminary injunction to prevent the Academy from allowing target shooting on the property it controls other than trap and skeet shooting. The court filed an amended entry on May 2, 2023. This appeal ensued.

{¶3} On July 13, 2023, appellees filed a motion to dismiss the appeal alleging that the judgment is not a final appealable order. Appellants filed opposition to the motion to dismiss.

{¶4} Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have

2

jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5} A preliminary injunction is a provisional remedy that is considered interlocutory and impermanent in nature. *Clean Energy Future, LLC v. Clean Energy Future-Lordstown, LLC*, 11th Dist. Trumbull No. 2017-T-0110, 2017-Ohio-9350, ¶ 4. Thus, a judgment entry granting or denying a preliminary injunction does not automatically qualify the order as final and appealable. *Id.*

{¶6} According to R.C. 2505.02(B)(4), an order that grants or denies a provisional remedy is a final appealable order when both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

{¶9} A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction." R.C. 2505.02(A)(3). For an order to be final in a preliminary injunction case, both prongs of R.C. 2505.02(B)(4) must be met.

{¶10} In the case at hand, the first prong has been met because the trial court's March 31 entry granted a preliminary injunction. That entry determined the action with respect to the provisional remedy and prevented judgment in favor of appellants regarding that provisional remedy. R.C. 2505.02(B)(4)(a).

3

Case No. 2023-L-052

**{¶11}** The problem is with the second prong. Appellants have to be deprived of a "meaningful and effective remedy" if they cannot immediately appeal.

**{¶12}** This court has stated that when a trial court grants a preliminary injunction in a matter in which the ultimate relief sought is a permanent injunction there is generally no final appealable order. *Fatica Renovations, LLC v. Bridge,* 11th Dist. Geauga No. 2017-G-0106, 2017-Ohio-1419, ¶ 13. Courts in Ohio have also held that a preliminary injunction that maintains the status quo pending a ruling on the merits of the case is not a final appealable order. *Id.* at ¶ 14.

**{¶13}** As to the second prong, pursuant to R.C. 2505.02(B)(4)(b), we find that appellants would not be denied a meaningful or effective remedy by an appeal following a final judgment as to all proceedings in this matter. In general, if a permanent injunction is sought, this allows for a remedy at the conclusion of the proceedings.

**{¶14}** This is a preliminary injunction case that is subject to further order of the court, and the requirements of R.C. 2505.02(B) have not been satisfied. Appellants will have an opportunity to litigate the merits of their claims with the trial court.

**{¶15}** Accordingly, appellees' motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

**{¶16}** Appeal dismissed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

4

Case No. 2023-L-052