[Cite as *Harris v. City of Kirtland, Inc.*, 2024-Ohio-1743.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

ROBERT HARRIS,

        Plaintiff-Appellant,

    - vs -

CITY OF KIRTLAND, INC., et al.,

        Defendants,

CITY OF WILLOUGHBY, INC.,

        Defendant-Appellee.

**CASE NO. 2024-L-033**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 000097

---

## M E M O R A N D U M
## O P I N I O N

Decided: May 6, 2024
Judgment: Appeal dismissed

---

*Robert Harris*, pro se, P.O. Box 373, Chardon, OH 44024 (Plaintiff-Appellant).

*Michael C. Lucas*, City of Willoughby Law Director, One Public Square, Willoughby, OH 44094 (For Defendant-Appellee, City of Willoughby, Inc.).

MATT LYNCH, J.

{¶1} Appellant, Robert Harris, appeals from a Lake County Court of Common Pleas entry in which the trial court granted the motion to dismiss of appellee, City of Willoughby, Inc., Magistrate and Municipal Courts. We hereby dismiss this appeal for the reasons that follow.

{¶2} Appellant initiated a complaint for injunctive relief against appellee as well as five other defendants, City of Kirtland, Inc., Jake Scott, Michael Valenti, Jamie Fisher,

and Zachary Petric. Appellee filed a motion to dismiss, and the other defendants filed an answer to the complaint. In the entry on appeal, the trial court granted appellee's motion to dismiss. However, the claims against the other defendants remain pending, and no Civ.R. 54(B) language was affixed to the entry. This appeal ensued.

{¶3} We must determine if there is a final appealable order since we may entertain only appeals from final orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, this court can only immediately review a trial court judgment if it constitutes a "final order." *Patel v. Huntington Banc Shares Fin. Corp.*, 11th Dist. Lake No. 2020-L-058, 2020-Ohio-3937, ¶ 5. If an order is not final, then a reviewing court has no jurisdiction to review it, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action * * * and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *"

{¶5} This court has stated that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final and appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Smith v. McKee*, 11th Dist.

2

Geauga No. 2023-G-0023, 2023-Ohio-4906; *Prady v. Schwartz Construction, Ltd.*, 11th Dist. Ashtabula No. 2019-A-0004, 2019-Ohio-1168.

{¶6} In this case, the appealed entry disposed of some but not all the claims and parties. The claims against the other defendants are still pending. Since no Civ.R. 54(B) determination that there is not just reason for delay was made in the appealed entry, no final order exists at this time.

{¶7} Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2024-L-033