[Cite as *DNL Capital, L.L.C. v. Chicago Title Ins., Co.*, 2024-Ohio-2671.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

DNL CAPITAL, LLC,

        Plaintiff-Appellant,

    - vs -

CHICAGO TITLE INSURANCE
COMPANY, et al.,

        Defendant-Appellee.

**CASE NO. 2024-G-0029**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 M 000062

# M E M O R A N D U M
# O P I N I O N

Decided: July 15, 2024
Judgment: Appeal dismissed

*David M. King*, King Law, LLC, 137 Main Street, Suite 1, Chardon, OH 44204 (For Plaintiff-Appellant).

*Alexander E. Goetsch*, Sikora Law, LLC, 737 Bolivar Road, Suite 270, Cleveland, OH 44115 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Appellant, DNL Capital, LLC (DNL), through counsel, appeals from a Geauga County Court of Common Pleas entry. We hereby dismiss this appeal for the reasons that follow.

{¶2} DNL initiated a complaint for negligence, breach of contract, bad faith and declaratory judgment against appellee, Chicago Title Insurance Company (CTIC), as well as Title Professionals Group, Ltd. CTIC filed an answer and counterclaim, and the other defendant filed an answer to the complaint. CTIC also filed a motion for judgment on the

pleadings against appellant. In the May 13, 2024 entry on appeal, the trial court found that CTIC was entitled to an order granting judgment on the pleadings in its favor and against DNL. Hence, the trial court dismissed DNL's complaint against CTIC with prejudice. However, the claims against the other defendant remain pending, and no Civ.R. 54(B) language was affixed to the entry. This appeal ensued.

{¶3} We must determine if there is a final appealable order since we may entertain only appeals from final orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, this court can only immediately review a trial court judgment if it constitutes a "final order." *Patel v. Huntington Banc Shares Fin. Corp.*, 2020-Ohio-3937, ¶ 5 (11th Dist.). If an order is not final, then a reviewing court has no jurisdiction to review it, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). Children's Hosp. Med. Ctr. v. Tomaiko*, 2011-Ohio-6838, ¶ 3 (11th Dist.).

{¶4} Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action * * * and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *"

{¶5} This court has held that when multiple claims and/or parties are involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final and appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Harris v. Kirtland*, 2024-Oho-1743, ¶ 5 (11th Dist.).

2

Case No. 2024-G-0029

{¶6} In the matter at hand, the entry on appeal disposed of some but not all the claims and parties. The claims against the other defendant are still pending. Since no Civ.R. 54(B) determination that there is not just reason for delay was made in the May 13, 2024 entry, no final order exists at this time.

{¶7} Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

3