[Cite as *Warren v. Sixbrothers Mega Lot, Inc.*, 2024-Ohio-3068.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| CITY OF WARREN, OHIO, | **CASE NO. 2024-T-0048** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Warren Municipal Court |
| SIXBROTHERS MEGA LOT, INC., et al., | |
| Defendant-Appellant. | Trial Court No. 2024 CVE 000055 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: August 12, 2024
Judgment: Appeal dismissed

*Enzo Cantalamessa*, Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 and *James E. Sanders*, Deputy Law Director, 391 Mahoning Avenue, N.W., Warren, OH 44483 (For Plaintiff-Appellee).

*Scott C. Essad*, 5500 Market Street, Suite 99, Youngstown, OH 44512 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Sixbrothers Mega Lot, Inc., through counsel, appeals a May 17, 2024 judgment entry from the Warren Municipal Court. We hereby dismiss this appeal.

{¶2} Appellee, City of Warren, Ohio, filed an action for money damages naming as defendants appellant as well as Tony Curry ("Curry"). Appellant was served, but service was not perfected upon the other defendant. In the entry on appeal, the trial court entered judgment for appellee against the defendants. No Civ.R. 54(B) language was affixed to the entry. This appeal ensued.

{¶3} We must determine if there is a final appealable order since we may entertain only appeals from final orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, this court can only immediately review a trial court judgment if it constitutes a "final order." *Patel v. Huntington Banc Shares Fin. Corp.*, 2020-Ohio-3937, ¶ 5 (11th Dist.). If an order is not final, then a reviewing court has no jurisdiction to review it, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). Children's Hosp. Med. Ctr. v. Tomaiko*, 2011-Ohio-6838, ¶ 3 (11th Dist.).

{¶4} Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action * * * and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶5} This court has stated that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final and appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Smith v. McKee*, 2023-Ohio-4906 (11th Dist.); *Prady v. Schwartz Construction, Ltd.*, 2019-Ohio-1168 (11th Dist.).

{¶6} In this case, the record fails to demonstrate Curry received service of process of the complaint. Curry never appeared in this action. Curry therefore remains a party to this action for purposes of Civ.R. 54(B) despite the failure of service. Curry is a named defendant in the complaint. Curry remains a party to this matter because the

2

time for service under Civ.R. 3(A) has not expired, and he has not yet been dismissed from the case.

{¶7}   Thus, since the entry from which appellant appeals did not enter final judgment as to Curry and does not contain the "no just reason for delay" language as required by Civ.R. 54(B), no final order exists at this time.

{¶8}   Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.


EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2024-T-0048