[Cite as *Calabrese v. Rainsberger*, 2024-Ohio-5998.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| JOYCE CALABRESE, | **CASE NOS. 2024-L-078** |
| | **2024-L-079** |
| Plaintiff-Appellant, | |
| | Civil Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| ERIN RAINSBERGER, et al., | |
| | Trial Court No. 2023 CV 000457 |
| Defendants, | |
| | |
| MICHAEL JUDY, et al., | |
| | |
| Defendants-Appellees. | |

### M E M O R A N D U M
### O P I N I O N

Decided: December 23, 2024
Judgment: Appeals dismissed

*Larry W. Zukerman*, Zukerman, Lear & Murray, Co., LPA, 3912 Prospect Avenue East, Cleveland, OH 44115 (For Plaintiff-Appellant).

*Gregory E. O'Brien*, Cavitch Familo & Durkin, Co., LPA, 1300 East Ninth Street, 20th Floor, Cleveland, OH 44114 (For Defendant-Appellee, Michael Judy).

*Monica A. Sansalone*, *Shane A. Lawson*, and *Maia E. Jerin*, Gallagher Sharp, LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Defendant-Appellee, Caterina Cocca-Fulton).

ROBERT J. PATTON, J.

{¶1} In these consolidated appeals, appellant, Joyce Calabrese, appeals an April 19, 2024 order granting the motion *in limine* filed by appellee, Michael Judy ("Judy"), and awarding him sanctions against appellant's counsel, and the September 13, 2024 order

granting the motions for summary judgment filed by Judy and appellee, Caterina Cocca-Fulton ("Cocca-Fulton").

{¶2} Appellant initiated several claims against Judy, Cocca-Fulton, and other defendants. In the September 13, 2024 entry, the trial court granted Judy's and Cocca-Fulton's motions for summary judgment, but the claims against the other defendants remained pending. Further, no Civ.R. 54(B) language was affixed to the entry. These appeals ensued.

{¶3} Judy and Cocca-Fulton, through counsel, filed a motion to dismiss the appeals for lack of jurisdiction explaining that there is no final appealable order since the September 13, 2024 order did not dispose of all of appellant's claims.

{¶4} We must determine if there is a final order since this court may only entertain appeals from final appealable orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). This court can only immediately review a trial court's judgment if it constitutes a "final order" under Section 3(B)(2), Article IV of the Ohio Constitution. *Harris v. City of Kirtland, Inc.*, 2024-Ohio-1743, at ¶ 3 (11th Dist.). If an order is not final, an appellate court has no jurisdiction to review it, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See RAJ Holdings, Inc. v. Helman*, 2024-Ohio-5552, at ¶ 4 (11th Dist.).

{¶5} Civ.R. 54(B) states in part: "When more than one claim for relief is presented in an action . . . and . . . when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

2

{¶6} This court has stated that where there are multiple claims and/or parties involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final and appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay." *Harris* at ¶ 5.

{¶7} In the instant matter, a review of the record reveals that the entries on appeal dispose of some of the claims and parties but not all of them. The claims against the other defendants are still pending. Since no Civ.R. 54(B) determination that there is not just reason for delay was made in the appealed order, no final order exists at this time.

{¶8} Based upon the foregoing analysis, the motion to dismiss filed by Judy and Cocca-Fulton is granted, and these appeals are hereby dismissed due to lack of a final appealable order.

{¶9} Appeals dismissed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.