[Cite as *Walker v. Walker*, 2025-Ohio-1597.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| RICHARD J. WALKER, et al., | **CASE NO. 2024-G-0046** |
| Plaintiffs-Appellees, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| KIRK P. WALKER, et al., | |
| Defendants-Appellants. | Trial Court No. 2022 M 000718 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Appeal dismissed

*Joseph N. Cindric* and *Richard N. Selby, II*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Plaintiffs-Appellees).

*Casey P. O'Brien* and *David A. Urbancic*, Ibold & O'Brien, 401 South Street, Village Station, Chardon, OH 44024 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1} On November 27, 2024, appellants, Kirk P. Walker, Denise K. Walker, and Cody Walker, through counsel, filed an appeal from an entry of the Geauga County Court of Common Pleas granting the motion for summary judgment filed by appellees, Richard J. Walker, Beth A. Walker, and Denise A. Friend. Appellees filed a complaint for partition, and appellants filed an answer and counterclaim asserting seven causes of action. Appellees filed a partial dismissal, and the trial court dismissed two of the seven counterclaims. Subsequently, appellees filed a motion for partial summary judgment seeking judgment in their favor as to the complaint and against appellants as to three of

the five remaining counterclaims.  In a November 1, 2024 entry, the trial court granted appellees' motion for partial summary judgment, and this appeal ensued.

{¶2}  This court issued an entry on January 24, 2025 ordering appellants to show cause as to why this appeal should not be dismissed for lack of a final appealable order.

{¶3}  We must determine if there is a final appealable order since we may entertain only appeals from final orders.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  Under Section 3(B)(2), Article IV of the Ohio Constitution, this court can only immediately review a trial court judgment if it constitutes a "final order."  *Patel v. Huntington Banc Shares Fin. Corp.*, 2020-Ohio-3937, ¶ 5 (11th Dist.).  If an order is not final, then a reviewing court has no jurisdiction to review it, and the case must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). Children's Hosp. Med. Ctr. v. Tomaiko*, 2011-Ohio-6838, ¶ 3 (11th Dist.).

{¶4}  Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action . . . and . . . when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. . . ."

{¶5}  This court has held that when multiple claims and/or parties are involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final and appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay. . . ." *Harris v. Kirtland*, 2024-Ohio-1743, ¶ 5 (11th Dist.).

Case No. 2024-G-0046

**{¶6}** Here, the entry on appeal disposed of some but not all the claims. Since there are claims still pending and no Civ.R. 54(B) determination that there is no just reason for delay was made in the November 1, 2024 entry, no final order exists at this time.

**{¶7}** Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, due to lack of a final appealable order.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-G-0046

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby sua sponte dismissed for lack of a final appealable order.

Costs to be taxed against appellants.

---

JUDGE JOHN J. EKLUND

---

PRESIDING JUDGE ROBERT J. PATTON,
concurs

---

JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate
pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-G-0046