[Cite as *Agency Collective, L.L.C. v. Hines*, 2025-Ohio-5864.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| THE AGENCY COLLECTIVE, L.L.C., et al. | CASE NO. 2025-L-119 |
| Plaintiffs-Appellants, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| GARY HINES, et al., | Trial Court No. 2024 CV 000856 |
| Defendants-Appellees. | |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: December 31, 2025
Judgment: Appeal dismissed

---

*Phillip A. Ciano, Oliver L. Herthneck,* and *Brent S. Silverman*, Ciano & Goldwasser, L.L.P., 3201 Enterprise Parkway, Suite 350, Beachwood, OH 44122 (For Plaintiffs-Appellants).

*Grant J. Keating, Kristen M. Kraus,* and *Richard N. Selby, II*, Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Defendants-Appellees, Gary Hines, Kari Ball, Hines Ball Advisory Group, L.L.C., Hines Ball Advisory Group M&A, L.L.C., and Hines Ball Technologies, L.L.C.).

*William H. Falin* and *Justin S. Greenfelder*, Buckingham, Doolittle & Burroughs, L.L.C., 1375 East 9th Street, Suite 1700, Cleveland, OH 44114 (For Defendant-Appellee, Lawrence Cahill).

ROBERT J. PATTON, P.J.

{¶1} On October 6, 2025, appellants, The Agency Collective, L.L.C., The Agency Cluster, L.L.C., and Kenneth Urbania, through counsel, filed an appeal from a September 25, 2025 entry of the Lake County Court of Common Pleas granting the motion to vacate

an agreed order resolving appellants' motion for temporary restraining order and preliminary injunction.

{¶2} This case involves a dispute where the parties with an ownership interest in a business entered into a confidential settlement agreement in 2023. On June 14, 2024, appellants filed a lawsuit alleging a breach of the settlement agreement as well as a motion for a temporary restraining order and preliminary injunction seeking to prevent anyone from executing on the collateral. On June 20, 2024, the parties entered an "Agreed Order" to maintain the status quo of the parties. Appellants agreed to withdraw the motion for a temporary restraining order and agreed not to liquidate, transfer, sell or otherwise impair appellants' collateral. On May 16, 2025, appellees, Gary Hines, Kari Ball, Hines Ball Advisory Group, L.L.C., Hines Ball Advisory Group M&A, L.L.C., Hines Ball Technologies, L.L.C., and Lawrence Cahill, jointly moved to vacate the agreed order. In its September 25, 2025 judgment, the trial court vacated the agreed order. Thus, there was no injunction preventing appellees from executing on the collateral. This appeal ensued.

{¶3} Appellees filed a joint motion to dismiss the appeal for lack of a final appealable order. Appellants opposed the motion.

{¶4} We must determine if there is a final appealable order since this court may only entertain appeals from final orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Ohio Const., art. IV, § 3(B)(2), we can only immediately review a trial court's judgment if it constitutes a "final order." *Walker v. Walker*, 2025-Ohio-1597, ¶ 3 (11th Dist.). If an order is not final, then a reviewing court has no jurisdiction to review it, and

Case No. 2025-L-119

the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed.

{¶6} This court has stated that a judgment vacating an earlier entry is only a final appealable order if the underlying order was final and appealable. *Elton v. Cleveland Steel Container Corp.*, 2023-Ohio-2253, ¶ 31 (11th Dist.). This court has also maintained that the granting of a preliminary injunction where the ultimate relief sought is a permanent injunction is generally not a final appealable order under R.C. 2505.02 because a preliminary injunction acts to maintain the status quo pending a ruling on the merits. *RKI, Inc. v. Tucker*, 2017-Ohio-1516, ¶ 9-10 (11th Dist.).

{¶7} A preliminary injunction is a provisional remedy that is considered interlocutory and temporary in nature. *Madison Twp. Bd. of Trustees v. Hambden Sportsman Inc.,* 2023-Ohio-3304, ¶ 5 (11th Dist.). As such, an order granting or denying a preliminary injunction does not automatically qualify it as final and appealable. *Id.*

{¶8} According to R.C. 2505.02(B)(4), a provisional remedy, such as an order granting a preliminary injunction, is a final appealable order only when both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

Case No. 2025-L-119

{¶10} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." See *LCP Holding Co. v. Taylor*, 2004-Ohio-5324, ¶ 17-27 (11th Dist.).

{¶11} The first prong of these requirements is not met because the trial court in its September 25, 2025 entry essentially vacated the agreed order that resolved appellants' motion for temporary injunction and preliminary injunction and preserved the status quo in the case. *Clean Energy Future, LLC v. Clean Energy Future-Lordstown, LLC*, 2017-Ohio-9350, ¶ 4-5 (11th Dist.).

{¶12} As to the second prong, Ohio courts have generally held that R.C. 2505.02(B)(4)(b) cannot be met when the provisional remedy is a preliminary injunction and the ultimate relief sought in the lawsuit is a permanent injunction. *RKI, Inc.*, *supra,* ¶ 10. Here, the entry on appeal vacating the agreed order does not resolve whether appellants are entitled to damages on their claims. Hence, this court lacks jurisdiction as appellants will have a meaningful remedy after final judgment.

{¶13} In this case, the June 20, 2024 agreed order was not a final order; therefore, the entry vacating it was not final and appealable. Hence, no final order exists at this time.

{¶14} Based upon the foregoing analysis, appellees' motion to dismiss the appeal is granted, and this appeal is hereby dismissed for lack of a final appealable order.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-119

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellees' motion to dismiss is granted. This appeal is hereby dismissed for lack of a final appealable order.

Furthermore, any pending motions are hereby overruled as moot.

Costs to be taxed against appellants.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-119