[Cite as *Reilly v. Rastegar*, 2025-Ohio-4972.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| COLLEEN M. REILLY | : | |
| | : | C.A. No. 30445 |
| Appellant | : | |
| | : | Trial Court Case No. 2023 CV 02320 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| FARBOD RASTEGAR MD ET AL. | : | Court) |
| | : | |
| Appellees | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 31, 2025, this appeal is dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

THOMAS J. INTILI, Attorney for Appellant
MICHAEL F. LYON & PAUL J. VOLLMAN Attorneys for Appellees

LEWIS, J.

{¶ 1} Plaintiff-Appellant Colleen M. Reilly appeals from an April 7, 2025 order of the Montgomery County Court of Common Pleas denying her motion for partial summary judgment. For the following reasons, we dismiss this appeal for lack of a final order.

I.      **Course of Proceedings**

{¶ 2} In May 2023, Reilly commenced a civil action for medical negligence against Defendants-Appellees Farbod Rastegar, M.D., and Premier Health Specialists, Inc. In her complaint, Reilly alleged that Dr. Rastegar negligently caused her to sustain a crippling spinal cord injury during a disc fusion operation.

{¶ 3} Reilly subsequently filed a motion for partial summary judgment in which she asked the trial court to find the cap on noneconomic damages in R.C. 2323.43(A)(3) unconstitutional as applied to her for the reasons set forth in *Paganini v. Cataract Eye Ctr. of Cleveland*, 2025-Ohio-275 (8th Dist.). On April 7, 2025, the trial court overruled Reilly's motion for partial summary judgment due to her failure to carry her initial burden on summary judgment. The trial court explained, in part:

> The Court finds Reilly has failed to meet her initial burden on summary
> judgment. To meet that burden, Reilly had to point to clear and convincing
> evidence showing the damage cap under R.C. 2323.43(A)(3) is
> unconstitutional as applied to her. The Court agrees with Defendants that
> Reilly has not pointed to any Civ.R. 56(C) evidence indicating she suffered the

type of catastrophic injuries described in R.C. 2323.43(A)(3). Specifically, the Court finds it cannot consider the expert reports of Drs. Singla and Pedoto. Moreover, even if the Court could consider those reports, Reilly has pointed to no evidence that she has suffered noneconomic damages exceeding $500,000. Absent such evidence, Reilly has not shown that the damage cap under R.C. 2323.43(A)(3) would apply to her. And if the cap does not apply to Reilly, the cap cannot be unconstitutional as applied to her.

Decision (Apr. 7, 2025), p. 2.

{¶ 4} Reilly filed a notice of appeal from the trial court's April 7, 2025 order. Appellees filed a motion to dismiss this appeal for lack of jurisdiction. Appellees did not argue that the order was not a final order under R.C. 2505.02(B)(6). Instead, they suggested that there was no R.C. 2505.02 problem: "Plaintiff-Appellants assert their motion falls within the constitutionality exception listed in R.C. 2505.02(B)(6). Although it likely does, the entry is still not appealable simply because there is no Civ.R. 54(B) certification in the Court's entry." Motion to Dismiss, p. 3. Thus, the focus of Appellees' motion to dismiss was Civ.R. 54(B) non-compliance.

{¶ 5} On April 24, 2025, this court overruled the motion to dismiss. We concluded that Civ.R. 54(B) is not applicable because the trial court's order did not "enter a final judgment as to any claim or party" in the action. The parties then filed their appellate briefs. In her appellate brief, Reilly raised the following two assignments of error:

THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF-APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF R.C. § 2323.43(A)(3)'s CONSTITUTIONALITY FOR LACK OF SUMMARY JUDGMENT EVIDENCE.

3

THE LIMITATION ON NONECONOMIC DAMAGES IN R.C. § 2323.43(A)(3) IS UNCONSTITUTIONAL AS APPLIED TO PLAINTIFF-APPELLANT AND THE FACTS IN THIS CASE.

{¶ 6} On September 18, 2025, this court ordered the parties to file supplemental briefs addressing whether the trial court's April 7, 2025 order was a final order within the meaning of R.C. 2505.02(B)(6).   The parties filed their supplemental briefs.   Because the trial court's April 7, 2025 order is not a final order under R.C. 2505.02(B)(6), we must dismiss this appeal.

## II.    The April 7, 2025 Order Is Not a Final Order

{¶ 7} "It is axiomatic that an appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district." *Onady v. Wright State Physicians, Inc.*, 2018-Ohio-3096, ¶ 6 (2d Dist.), citing Ohio Const., art. IV, § 3(B)(2); R.C. 2505.02.   "We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed." *Id.*, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶ 8} "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Id.* at ¶ 7, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989).   "Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable." *Cooper State Bank v. Columbus Graphics Comm.*, 2012-Ohio-3337, ¶ 15 (10th Dist.), citing *Gen. Acc. Ins. Co.* at 21.

{¶ 9} "As a general rule, the denial of a motion for summary judgment is not a final appealable order." *Taylor-Jones v. Kettering Med. Ctr.*, 2021-Ohio-738, ¶ 10 (2d Dist.), citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23 (1966).   "This is so because a denial of summary judgment does not determine the action and prevent a judgment and is therefore not a final order under R.C. 2505.02." *Id.*, citing *Celebrezze v. Netzley*, 51 Ohio

St.3d 89, 90 (1990). Indeed, due to the interlocutory nature of a denial of a motion for summary judgment, parties often may be able to file another summary judgment motion with the trial court after the first motion is denied. *See Moeller v. Estate of Butela*, 1987 WL 9867, *1 (8th Dist.) ("Inasmuch as an order denying summary judgment is interlocutory in nature, it is subject to revision by the trial court at any time prior to the entry of a final judgment in the case."), citing *Maxey v. Lenigar*, 14 Ohio App.3d 458, 459 (10th Dist. 1984).

{¶ 10} There are exceptions to the general rule that a denial of a summary judgment motion is not final and immediately appealable. R.C. 2505.02(B)(6) provides one of these exceptions. That section provides, in part, that an order is a final order that may be reviewed when it is an order "determining the constitutionality of" R.C. 2323.43. Reilly argues that the trial court's April 7, 2025 order is a final order pursuant to R.C. 2505.02(B)(6) because the order determined the constitutionality of R.C. 2323.43. We disagree.

{¶ 11} Reilly asked the trial court to find, as a matter of law, that the cap in R.C. 2323.43 on damages for a noneconomic loss was unconstitutional *as applied to her*. The trial court's order at issue in this appeal did not determine the constitutionality of the cap in R.C. 2323.43 on damages for noneconomic loss. Rather, the trial court denied Reilly's motion for partial summary judgment on the basis that she failed to put forth sufficient evidence to carry her initial burden on summary judgment of showing that she suffered a catastrophic injury and that her noneconomic damages exceeded the $500,000 cap in R.C. 2323.43. As a result, the trial court concluded that Reilly failed to show, at the summary judgment stage, that the cap contained in R.C. 2323.43 applied to her. Since Reilly failed to carry her initial burden of putting forth sufficient summary judgment evidence to show the cap in R.C. 2323.43 applied to her, the trial court did not analyze whether the statute was unconstitutional. In short, the trial court's April 7, 2025 order did not *determine*

5

the constitutionality of any statute listed in R.C. 2505.02(B)(6). Therefore, the order does not constitute a final order under R.C. 2505.02(B)(6), and we do not have jurisdiction to review it.

### III.    Conclusion

**{¶ 12}** Having concluded that the trial court's April 7, 2025 order is not a final order, we dismiss Reilly's appeal.

. . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.

6